## Ruppin v. Akron Borough

*David F. Chambers, Jr.*, for plaintiff.

*Joseph G. Edison* and *K. L. Shirk, Jr.*, for defendants.

WISSLER, P. J., November 13, 1959.—This matter is before the court on preliminary objections by way of a demurrer filed by defendants to plaintiffs' bill of complaint asking to restrain the enforcement of a certain ordinance. The facts out of which the controversy grows, as set forth in the complaint and which for present purposes must be taken as true, are substantially as follows:

Plaintiffs are husband and wife residing at 1011 Hillcrest Road in the Borough of Akron, Lancaster County, and are the owners in fee simple, as tenants by the entireties, of certain real estate in the said Borough of Akron, containing 82 square perches of land.

Defendants are the Borough of Akron, a municipality of the Commonwealth of Pennsylvania, in the County of Lancaster, and Arthur Z. Wolf, burgess, William F. Schuster, John Carl Weidman, Mark L. Boltz, J. Howard Wolf, Franklin E. Williams, Otis W. Dellinger and Spurgeon T. Gotwalt, Jr., councilmen thereof.

On November 3, 1958, the council of defendant borough enacted Ordinance No. 114, which ordinance as adopted reads as follows: "Section 1. No person, firm or corporation owning or occupying any property within the Borough of Akron shall permit any grass or weeds or any vegetation whatsoever, not edible or planted for some useful or ornamental purpose, to grow or remain upon such premises so as to exceed a height of six (6) inches, to throw off any unpleasant or noxious odor, to conceal any filthy deposit or to

create or produce pollen; Section 2. Any grass, weeds or other vegetation growing upon any premises in the Borough in violation of any of the provisions of Section 1 is hereby declared to be unlawful and is declared to be a nuisance and detrimental to the health, safety, cleanliness and comfort of the inhabitants of the Borough. The same is hereby prohibited; Section 3. The owner of any premises as to vacant premises or premises occupied by the owner, and the occupant thereof, in case premises occupied by other than the owner thereof, shall remove, trim or cut all grass, weeds or other vegetation growing or remaining upon such premises in violation of the provisions of the first section of this ordinance; Section 4. The Borough Council, or any officer or employe of the Borough designated thereby for the purpose, is hereby authorized to give notice, by personal service or by United States Mail to the owner or occupant, as the case may be, of any premises whereon grass, weeds or other vegetation is growing or remaining in violation of the provisions of the first section of this ordinance, directing and requiring such occupant to remove, trim, or cut grass, weeds or vegetation so as to conform to the requirements of this ordinance, within five (5) days after issuance of such notice; Section 5. In case any person, firm or corporation shall neglect, fail or refuse to comply with the notice provided in Section 4, within the period of time stated therein, the Borough authorities may cause, such grass, weeds or vegetation to be removed, trimmed or cut. There is hereby imposed a charge of Ten Dollars ($10.00) plus the actual cost of the labor involved for each time the Borough shall cause such grass, weeds or vegetation to be removed, trimmed or cut; and the owner or occupant as the case may be of the premises shall be billed after same has been completed; Section 6. Should any bill or bills for the removing, trimming or cutting of grass, weeds

or vegetation be unpaid on or before November 1 of each year a penalty of ten percent (10%) shall be added to such bill or bills, and a lien shall be filed against the premises in the same manner as other municipal claims are filed; Section 7. Any person, firm or corporation who or which shall violate or fail, neglect or refuse to comply with any of the provisions of this ordinance shall, upon conviction thereof, be sentenced to pay a fine of not more than twenty-five dollars ($25.00) and costs of prosecution. PROVIDED: each day's violation shall constitute a separate offense and notice to the offender shall not be necessary in order to constitute an offense; and Section 8. This Ordinance shall be effective immediately upon its adoption."

On June 9, 1959, defendant borough by a writing notified plaintiffs of its intention to enforce the said ordinance against them, which writing reads as follows:

"THE BOROUGH OF AKRON
AKRON, PENNA.

June 9, 1959

"Robert & Mabel Ruppin
1011 Hillcrest Road,
Akron, Penna.

"Dear Mr. and Mrs. Ruppin:

"Akron Borough Council requests that all grass, weeds or other vegetation growing or remaining upon portions of your lot located on the east side of South Tenth Street, in violation of the requirements of Ordinance No. 114, 'Relating to Grass, Weeds, and other Vegetation in the Borough of Akron; Declaring it Unlawful and a Nuisance to Permit the Same, under Certain Circumstances, to Grow or Remain upon the Premises; requiring the removal, trimming or cutting thereof; and prescribing Penalties for Violation,' be removed, trimmed or cut by June 6, 1959.

"In the event that this request is not complied with, Borough Council will enforce the provisions of this Ordinance No. 114. Thanking you for your kind attention to this matter, I am

Very truly yours,

(Signed) W. Richard Goshert
Secretary"

Plaintiffs are advised and believe, and therefore aver that the said ordinance is wholly void and unenforceable, because it is not authorized by the laws of this Commonwealth and is beyond the power of defendant borough to enact.

Plaintiffs are advised and believe, and therefore aver that the said ordinance is void as being in violation of the Constitution of Pennsylvania, because it is an unreasonable interference with the right of possession and protecting private property.

Plaintiffs are advised and believe, and therefore aver that the said ordinance is in violation of the Fourteenth Amendment of the Constitution of the United States in that it deprives plaintiffs of their property without due process of law.

Defendants by their answer raise the insufficiency of plaintiffs' complaint to state a cause of action and that plaintiffs have failed to exercise the statutory remedy provided by The Borough Code of May 4, 1927, P. L. 519, art. X, sec. 1010, as amended and supplemented, 53 PS §46010.

The questions raised by the bill of complaint and demurrer are: (1) Does the court of equity have jurisdiction to entertain the complaint filed by plaintiffs; (2) is the ordinance necessary for the preservation of public health or general welfare and unjustly discriminatory or arbitrary, or arbitrary in its application to plaintiffs; and (3) is the ordinance as it applies to plaintiffs unconstitutional in that it violates the liber-

ties and privileges guaranteed to plaintiffs by the Pennsylvania and United States Constitutions.

As to the first question, does the court of equity have jurisdiction to entertain the complaint filed by plaintiffs, it might be sufficient answer to say that a preliminary objection raising the question of jurisdiction in equity should be made by petition as required by Pa. R. C. P. 1017(b) (1). Furthermore, the case of Mahoning & Shenango Railway & Light Company v. New Castle, 233 Pa. 413, clearly established that equity has jurisdiction to interfere by injunction against a municipality where the validity of a police power ordinance is in question.

It is the contention of plaintiffs that the ordinance as adopted is an unreasonable interference with the right of possessing and protecting private property and in violation of both the Pennsylvania and United States Constitutions. It is true that an owner of property is still entitled in Pennsylvania to certain inalienable constitutional rights of liberty and property and has the right to use his own home or property in any way he desires provided he does not violate any provision of the Federal or State Constitutions, create a nuisance or violate any zoning or police regulations which are constitutional: Medinger Appeal, 377 Pa. 217. In this case Mr. Justice Bell, at page 222 of the opinion, said:

"There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper."

The question before the court is, should the ordinance in the instant case be declared void as not being

a reasonable exercise of the police power? Plaintiffs rely on the case of Samuels v. City of Beaver Falls, 5 D. & C. 2d 500, in which a similar ordinance in reference to weeds was held unconstitutional. This case, it appears to the court, is clearly distinguishable. The ordinance in the Samuels case, supra, did not define or limit the height of the weeds and denied the property owner the right to notice before the city proceeds to abate the nuisance. It was on these two features primarily that the ordinance was held by Judge McCreary to be unreasonable and unconstitutional. In the instant case the height was limited by the ordinance to six inches and not only provided for notice to the owner or occupant to cut the weeds, but notice was actually given to plaintiffs.

It is the contention of defendants that the ordinance in question was passed by authority of The Borough Code of May 4, 1927, P. L. 519, art. XII, sec. 1202, as amended and supplemented, 53 PS §46217, which authorizes the borough "To make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort, and safety of the borough", that by the same act, 53 PS §46209, defendant borough was authorized "To prohibit and remove any nuisance", and that furthermore by the said act, 53 PS §46234, defendant borough was authorized "To impose fines and penalties" for violation of an ordinance.

It is quite obvious that these provisions constitute a grant of extremely broad powers and in the case of Adams v. New Kensington, 357 Pa. 557, involving an ordinance passed under The Third Class City Law of June 23, 1931, P. L. 932, 53 PS §35101, et seq., Mr. Justice Stern, at page 563, stated: " 'Specifically, under the general welfare clause, or by virtue of general grant of power . . . municipal corporations are authorized to enact appropriate and reasonable ordi-

nances, . . . to abate nuisances and regulate various kinds of occupations that may become nuisances or detrimental to the public health.' "

Is then the requirement that a property owner in an urban area keep cut all weeds over six inches high a reasonable exercise of the police power for the preservation of public health or general welfare? We think it is. It is a matter of common knowledge that weeds allowed to grow to excess can create and produce pollen and throw off unpleasant or noxious odor. In the case of City of St. Louis v. Galt, 179 Mo. 8, 77 S. W. 876, involving an ordinance in reference to weeds, it was held that courts will take judicial notice of the effect of high growing weeds upon the health of the inhabitants.

We come then to the last question, is the ordinance as it applies to plaintiffs in violation of any provision of the Pennsylvania and United States Constitutions? An act passed in the proper exercise of the police power is not within the provision of article I, sec. 9, of the Pennsylvania Constitution which provides: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land": Powell v. Commonwealth, 114 Pa. 265; Philadelphia v. Brabender, 201 Pa. 574. Nor is the proper exercise of the police power within the provision of article I, sec. 10, of the Pennsylvania Constitution: White's Appeal, 287 Pa. 259. Likewise, the Fourteenth Amendment of the United States Constitution does not interfere with the

proper exercise of the police power of the several States: Jackman v. Rosenbaum Co., 263 Pa. 158, affirmed in 260 U. S. 22, 67 L. Ed. 107, 43 S. Ct. 9.

The court feels that Ordinance No. 114 of defendant borough relating to weeds and other vegetation in the Borough of Akron, is necessary for the preservation of the health, safety and general welfare of the community and is a valid ordinance.

And now, November 13, 1959, the court sustains defendants' preliminary objections and dismisses plaintiffs' bill of complaint.