Joseph Sobocinski, Appellant, *v.* City of Williamsport, Appellant.

426

Argued December 6, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Ambrose R. Campana,* with him *Campana & Campana,* for appellant.

*Scott A. Williams,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 14, 1974:
This is an appeal from an order of the Court of Common Pleas of Lycoming County dated March 12,

1973, which found Joseph Sobocinski (Appellant) guilty on six counts of violating the City of Williamsport (City) "weed ordinance."[1] Appellant was fined $475.00 and directed to pay the costs of prosecution.

---

[1] Article 721 of the Codified Ordinances of Williamsport (Ord. 2765, approved May 7, 1959), which provides in full:

"721.01 DUTY TO MOW GRASS; REMOVAL OF DEBRIS.

"It shall be the duty of every owner of real estate within the City to at all times cut and mow the grass and weeds on their respective lots and in the space between property line and the curb line in front and in the rear and along side thereof, so that neither grass nor weeds shall rise above the height six inches, and every such owner shall remove said cuttings or mowings and all accumulations of garbage and rubbish and other debris from said premises.

"721.02 NONCOMPLIANCE A NUISANCE.

"The growth of grass or weeds above the height of six inches or the accumulation of garbage and rubbish and other debris, or the nonremoval of the same from all real estate within the City is hereby declared to be a nuisance.

"721.03 NOTICE TO OWNER TO CUT WEEDS.

"Whenever it shall be reported to the Director of Parks and Public Property that any owner of any real estate in the City has failed or neglected to comply with any of the terms of this article, the Director shall cause a written notice to be served upon the owner, directing the owner to comply with all the terms of this article within five days.

"721.04 FAILURE OF OWNER TO COMPLY.

"In the event of the failure of the owner or holder of said real estate within the City to cut and destroy said weeds or have the same cut and destroyed or remove said rubbish and other debris in within five days after being notified to do so, the City shall have said weeds cut and destroyed and bill the owner or holder for the cost thereof.

"721.05 LEGAL PROCEEDINGS TO FORCE COMPLIANCE.

"In addition to other penalties provided by this article, the City may institute proceedings in Courts of Equity to require owners of real estate within the City to comply with the provisions of this article.

"721.06 PENALTIES TO BE A LIEN.

"The cost of removal, fine and penalties hereinabove mentioned may be entered by the City as a lien against such property in accordance with existing provisions of law.

The facts are not here disputed. On June 13, 1972, Appellant was served with written notice that due to the condition of his property at 297-313 Rose Street of that City, he was in violation of Section 721.01 of the City's weed ordinance. The grass or weeds on Apellant's property were at the time between 12 and 16 inches high. About a week thereafter a health officer, who was charged with enforcement of the ordinance, visited the property and was told by Appellant that the growth of weeds or grass would be cut as soon as weather permitted. By July 6, 1972, the weeds had reached a height of two feet and six criminal complaints were thereafter filed against Appellant. By authority of Section 721.04, the City cut Appellant's weeds on August 20, 1972 and charged the cost to him. Appellant was subsequently convicted on all counts by a district justice, and these convictions were affirmed, after a hearing de novo, by the court below.

On appeal to this Court, Appellant contends that the City's weed ordinance is facially unconstitutional because it is

1) An invalid exercise of the police power;

2) A denial of due process of law guaranteed by the Fourteenth Amendment of the Federal Constitution because it is vague and does not provide a landowner a preabatement hearing; and

3) The fines imposed are confiscatory and excessive in violation of Article I, Section 13 of the State Constitution.

---

"721.99 PENALTY.

"Whoever violates any of the provisions of this article shall be fined not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00), for each offense and in default of payment be imprisoned for a period not exceeding thirty days.

"Each and every day upon which any owner or holder of real estate in the City permits a violation to exist shall constitute a separate offense."

Appellant also contends that he was not in violation of the ordinance because the term "weeds" is defined as "any plant which grows where not wanted";[2] and since he wanted the plants on his property, they are not weeds, offensive or otherwise. We dismiss this disingenuous argument because the vegetal preferences of Appellant are hardly relevant to the interpretation and enforcement of the ordinance, and the record here is replete with evidence in support of the lower court's finding that Appellant in fact violated the ordinance. *See Pittsburgh v. Kronzek*, 2 Pa. Commonwealth Ct. 660, 280 A. 2d 488 (1971).

As to Appellant's first contention, we think it is clear that the enactment of this weed ordinance, and the summary abatement of violations thereunder, is a valid exercise of the City's police power. Although the precise parameters of the police power escape definition, the limits of *our* inquiry as to whether the police power was properly exercised are firmly established. "To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals": *Lawton v. Steele*, 152 U.S. 133, 137, 14 S. Ct. 499, 501, 38 L. ed. 385 (1894). *See also, Commonwealth v. Harmar Coal Company*, 452 Pa. 77, 306 A. 2d 308 (1973); *DePaul v. Kauffman*, 441 Pa. 386, 272 A. 2d 500 (1971); *Lutz v. Armour*, 395 Pa. 576, 151 A. 2d 108 (1959). "In applying these standards a regulation must be measured by its 'reason-

---

[2] The instant ordinance does not define grass or weeds, but Appellant has directed our attention to the quoted definition found in Section 2(8) of the Pennsylvania Pesticide Act of 1957, Act of June 5, 1957, P.L. 248, 3 P.S. §111.2(8).

ableness', Goldblatt v. Hempstead, 369 U.S. 590 (82 S.Ct. 987, 8 L. ed. 2nd 130) (1962). Debatable questions as to 'reasonableness' are not for the courts but for the legislature and therefore the presumption of reasonableness is with the State. . . ." *Commonwealth v. Harmar Coal Company,* 452 Pa. at 93, 306 A. 2d at 317.

Although this is a question of first impression for the appellate courts of this Commonwealth, it has uniformly been held that an ordinance which declares as a nuisance and requires the abatement of weeds above a height certain is a reasonable exercise of the police power. *See generally* 6 McQuillen, *Municipal Corporations,* 3rd ed., §24.90, pp. 659, 660. The instant ordinance was enacted pursuant to Section 2403(16) of the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. §37403(16), which has been held to grant subject municipalities broad power to abate as nuisances conditions and occupations detrimental to the public health and welfare. *Adams v. New Kensington,* 357 Pa. 557, 55 A. 2d 392 (1947).[3] A similar ordinance declaring a nuisance and authorizing the summary abatement of weeds and grass over six inches in height was upheld as a valid exercise of the police power under a similar enabling statute in *Ruppin v. Akron Borough,* 21 Pa. D.&C. 2d 607 (1959). The court there noted that weeds allowed to grow to excess affect the public health by producing allergenic pollen noxious odors. Similar rationales were invoked to uphold weed ordinances in *Flesch v. Metropolitan*

[3] Appellant does not here challenge the power of the City to define grass or weeds in excess of six inches as a public nuisance. *See Borough of Macungie v. Agnew R. Hoch,* 1 Pa. Commonwealth Ct. 573, 276 A. 2d 853 (1971) where this Court, on the opinion of the court below, held a similar enabling provision not to give a second class township power to define and prohibit the storage of junked autos as a nuisance per se.

*Dade County,* 240 So. 2d 504 (Fla. App. 1970); *Thain v. Palo Alto,* 207 Cal. App. 2d 173, 24 Cal. R. 515 (1962); and *St. Louis v. Galt,* 179 Mo. 7, 77 S.W. 876 (1903).

We are of a same mind. Were this Court charged with the duty of drafting the ordinance, we might be hard put to determine the cutoff point for weeds or grass. No one can dispute that this is not our function. We are obliged here to determine the power of the municipality to enact the ordinance. Fortunately for us, its wisdom or merits are not within our province of inquiry. *Adams v. New Kensington, supra.* Since we find the object to be obtained and the means adapted thereto to be reasonably within the police power, we must sustain the ordinance.

Having found the ordinance to be a valid exercise of the police power, to what rights of due process was Appellant entitled? Substantive due process is satisfied because the "taking" of Appellant's grass or weeds was pursuant to the police power. *See Bortz Coal Company v. Commonwealth,* 2 Pa. Commonwealth Ct. 441, 279 A. 2d 388 (1971). However, it is equally clear that the City in exercising its police power was bound to respect Appellant's procedural due process rights of notice and an opportunity to be heard. *Pittsburgh v. Kronzek, supra.* Section 721.03 of the ordinance requires notice to be given to a violator before abatement, and notice was, in fact, given in the instant case. But Appellant argues that the ordinance is unconstitutionally vague as it fails to define "grass" or "weeds," and thus does not give a property owner an adequate standard by which to gauge his conduct. We find this argument to be without merit given the common meaning and use of these terms. Moreover, the ordinance here sets a definite height at which weeds and grass must be cut, which distinguishes this case from *Samuels v. Beaver Falls,* 5 Pa. D.&C. 2d 500 (1955), heavily relied on by Appellant.

Having given adequate notice, the City was not required to afford Appellant a hearing *before* it abated the nuisance created by his failure to cut the weeds. The right to a prior hearing attaches only to the deprivation of an interest protected by the Fourteenth Amendment, and this protection has been held to encompass "any significant property interest." *Fuentes v. Shevin,* 407 U.S. 67, 86, 92 S. Ct. 1983, 1997, 32 L. ed. 2d 556, 573 (1972) ; *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. ed. 2d 113, 119 (1971). This Court cannot think of a less "significant" property interest than the uncultivated weeds and grass "taken" from Appellant. Appellant was provided two full hearings after the fact, where he had the opportunity to challenge the constitutionality of the ordinance and the City's determination that his weeds and grass constituted a public nuisance.[4] Given the insubstantiality and insignificance of the property interest involved, we cannot say that the due process guaranteed by the Fourteenth Amendment entitled Appellant to a *pre-abatement* hearing. *See Lawton v. Steele, supra.*

We have considered Appellant's last contention that the fine imposed by the ordinance is unconstitutionally confiscatory and excessive and we find this to be equally without merit. *See Commonwealth v. Flickinger,* 365 Pa. 59, 73 A. 2d 652 (1950), cert. denied, 340 U.S. 843 (1950).

Affirmed.

---

[4] Appellant does not here contend that the City can enforce the lien provided by Section 721.06 for the cost of cutting his weeds without appropriate legal proceedings at which these same claims can be raised. *See Philadelphia v. Watts,* 162 Pa. Superior Ct. 433, 57 A. 2d 591 (1948).