## Rodale Press, Inc. v. Emmaus Borough

*James Knoll Gardner,* for plaintiff.
*Charles J. Fonzone,* for defendant.

DIEFENDERFER, *J.,* March 25, 1980—This case comes before the court pursuant to a complaint in equity filed by plaintiff, Rodale Press, Inc., which seeks the issuance of a permanent injunction restraining the Borough of Emmaus from enforcing its weed control ordinances[1] and further, prohibiting defendant from entering onto plaintiff's land for the purpose of cutting or eliminating any vegetation thereon. This matter was heard by the court beginning on October 16, 1979.

### FINDINGS OF FACT

1. Plaintiff-petitioner, Rodale Press, Inc., is a Pennsylvania corporation with its principal offices located at 33 East Minor Street, Emmaus, Pa.

---

1. Emmaus, Pennsylvania Ordinances 456 (May 5, 1969) and 553 (September 22, 1975).

Plaintiff's business is that of publishing magazines and books and making films on organic gardening, farming, nutrition, health, conservation and food.

2. Defendant, Borough of Emmaus, is a municipal corporation organized and existing under the laws of the Commonwealth.

3. On or about July 9, 1979, defendant served notice upon plaintiff that it was in violation of the borough's weed control ordinances which prohibit the growing of grass or weeds within the borough in excess of 15 inches in height.[2]

4. Said notice stated that plaintiff must mow or cut all vegetation on its premises within five days to conform to the requirements of the aforecited ordinances. Ordinance 456 provides that failure to comply with the ordinance following written notice of its violation will result in the Borough of Emmaus cutting and removing the offensive vegeta-

---

2. Section 1 of Ordinance 456 as amended by Ordinance 533 states:

"No person, firm, partnership or corporation owning, leasing, occupying or having an interest in any real estate within the Borough of Emmaus shall permit any grass, weeds or vegetation whatsoever, not edible or *planted for some useful or ornamental purpose,* to grow or remain on such premises, including any portion of the premises occupied by a street or alley, and also, including the sidewalk, curb and gutter area of any street adjacent to the premises, so as to go to seed, or to emit any unpleasant or noxious odor, or to offer concealment to any filthy deposit, or to produce pollen, or to exceed a height of fifteen (15) inches. All such vegetation is hereby declared to be a nuisance and detrimental to the health, safety, cleanliness and comfort of the inhabitants of the Borough of Emmaus." (Emphasis supplied.)

tion with costs, penalties and fines assessed to the violator.[3]

5. On a parcel of land located adjacent to Rodale's main office building, plaintiff is conducting a lawn care experiment in conjunction with the publication of several articles and a book on "natural landscaping."

6. The purpose of this experiment is to encourage the growth of wild and natural vegetation in a suburban or semi-suburban area as an environ-

---

3. The relevant portion of Ordinance 456 states:

"In addition to the penalties as hereinafter imposed in this Ordinance, . . . any officer or employee of the Borough . . ., is hereby authorized to give written notice, by personal service or by the United States Mail to the owner or the occupant, . . . of a violation of the terms of this Ordinance, directing and requiring such occupant or owner . . . to remove, trim, spray, or cut such grass, weeds or vegetation, so as to confirm [sic] to the requirements of this Ordinance, within five (5) days after issuance of such notice. If any such owner or occupant shall neglect to comply with such notice within the period of time stated therein, the Borough authorities may remove, spray, trim or cut such grass, weeds or vegetation so as to comply with the provisions of this Ordinance, and the reasonable cost thereof, plus an additional charge of twenty (20) percent of the cost, together with any additional penalty authorized by law, may be collected by the Borough from such owner or occupant as a penalty under the provisions of this Ordinance . . .

"Any person, firm, partnership or corporation who or which shall violate any of the provisions of Ordinance [sic] shall, upon conviction thereof, be sentenced to pay a fine of not less than Ten ($10.00) Dollars nor more than Twenty-Five ($25.00) Dollars and costs of suit. Each day of violation shall constitute a separate offense without further notice to offender. In default of payment of the penalty stated herein, such offender may be imprisoned for a period not exceeding five (5) days."

mental reservoir and as a viable alternative to traditional lawn maintenance. The aims of "natural landscaping" are to:

(a) promote soil fertility;

(b) increase root capacity and water retainage;

(c) provide a habitat for small animals and more diverse wildlife;

(d) guard against the extinction of local, indigenous vegetation and wildlife;

(e) provide an educational resource;

(f) save labor and fuel consumed by mowing traditional lawns;

(g) eliminate noise pollution created by lawn mowers;

(h) provide natural shade and serve as a wind break, thereby reducing energy demands;

(i) aid in photosynthesis, which absorbs carbon dioxide and releases oxygen;

(j) provide scientific data for research purposes;

(k) be ornamental and aesthetically pleasing.

7. Approximately 65 percent of Rodale's property remains a traditionally manicured lawn. An additional 25 percent is "meadow area" which is mowed once a year in the fall to eliminate woody plants. The remaining 10 percent of Rodale's property is maintained as a "natural area." This area is surrounded entirely by a manicured lawn and the meadow area. Although not mowed or planted, noxious weeds are controlled and eliminated.

8. Rodale's experimental parcel is located in a relatively isolated and removed area within the Borough of Emmaus, bordered by a railroad track, the Emmaus Water Works, a parking lot and other Rodale buildings. Rodale has also planted evergreens to shield the project. In addition, a large area of the project is below street level and out of sight.

9. Objectionable vegetation such as ragweed, poison ivy and Canadian thistle are not permitted to grow in the project area.

10. No traffic hazard is created by the project in that those areas of Rodale's property bordering borough streets are maintained in the style of a traditional, manicured lawn to a depth of approximately four feet.

11. Litter on the property is cleaned up by Rodale.

12. Although the experimental area is prone to brush fire at certain times of the year, the possibility of such a fire spreading beyond the site is fairly remote.

## DISCUSSION

In its argument before this court plaintiff has marshalled two basic arguments: (1) Rodale is not in violation of the Emmaus weed control ordinances and (2) the ordinances and/or their applications are unconstitutional. Accordingly, plaintiff has asked this court for a permanent injunction restraining Emmaus from the enforcement of Ordinances 456 and 533.

The court finds that the enactment of weed control ordinances of this sort are properly within the borough's police powers. The court concludes, however, that it has equity jurisdiction to enjoin the enforcement of these municipal ordinances in light of the facts presented: Pennsylvania Society for the Prevention of Cruelty to Animals v. Bravo Enterprises, Inc., 428 Pa. 350, 237 A. 2d 342 (1968); Kingsley International Pictures Corporation v. Blanc, 396 Pa. 448, 153 A. 2d 243 (1959); Marcus v. Diulus, 242 Pa. Superior Ct. 151, 363 A. 2d 1205 (1976); Brady v. Bureau of Motor Vehicles, 4 Pa.

Commonwealth Ct. 222 (1971); Samuels v. City of Beaver Falls, 5 D. & C. 2d 500 (1956); Kelton v. Biehn, 75 D. & C. 2d 262 (1976); Ruppin v. Akron Borough, 21 D. & C. 2d 607 (1959).

Regarding plaintiff's initial argument, Ordinance 456 prohibits: "any grass, weeds or vegetation whatsoever not edible or *planted for some useful or ornamental purpose,* to grow or remain on such premises . . ., so as to go to seed, or emit any unpleasant or noxious odor, or to conceal any filthy deposit, or to produce pollen, or to exceed a height of fifteen (15) inches. . . ." (Emphasis supplied.) After careful consideration of the testimony presented, that this court finds that the vegetation grown on Rodale's experimental parcel is both useful and ornamental. Testimony revealed that clover and evergreen trees were planted on the land as were the original grasses that Rodale had allowed to grow in excess of 15 inches. This planting included the benign cultivation of various species of wild flowers and grasses that have been allowed to propagate. It cannot be said that the vegetation emits a noxious odor or conceals any filthy deposit. Litter and abandoned property left on the land are being removed by Rodale maintenance. In addition, defendant has not proved to the court's satisfaction that the continuation of Rodale's experiment would have any significant or detrimental effect on the health, safety, cleanliness or comfort of the inhabitants of the Borough of Emmaus.

The court would caution that in determining that the Rodale experiment does not fall within the ambit of the Emmaus weed control ordinances, its conclusion should not be construed as a blanket invitation to suburban property owners to embark upon a wholesale abandonment of care for their

properties and lawns. The decision of the court in this instance is limited to the facts and proofs presented in this case. Rodale's objectives in its experiment were supported by persuasive proof and testimony regarding the experimental nature of the project. The court was also persuaded by the location, size and appearance of the parcel. It is unlikely that the average suburban homeowner could muster the same justifications as Rodale for avoiding the requirements of these ordinances.

In granting Rodale's petition on the aforecited grounds, the court does not reach or make any disposition of the constitutional arguments raised by plaintiff. The court makes no determination on whether the ordinance violates the petitioner's rights of equal protection, due process or free speech.

## CONCLUSIONS OF LAW

1. The court has equity jurisdiction in this matter.

2. The enactment of weed control ordinances are within a municipality's police powers.

3. Rodale is not in violation of Emmaus Ordinances 456 and 533.

## DECREE NISI

Now, March 25, 1980, after a full and studied consideration of the equities presented in this matter, it is hereby ordered that plaintiff's petition for a permanent injunction against defendant restraining the Borough of Emmaus from enforcing its weed control ordinances, No. 456 and No. 533, against plaintiff is granted.