## Commonwealth v. Kiess

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

*T. Max Hall,* for the Commonwealth.
*Dennis Yonkin,* for defendants.

BROWN, *J.,* July 24, 1992—On or about September 1991, defendants were cited for violating the Wolf Township Vegetation Ordinance. On November 6, 1991, after a hearing, District Justice Allen P. Page, III, found de-

fendants in violation of this ordinance. Defendants timely appealed, and in lieu of a summary appeal hearing on May 14, 1992, the parties submitted a joint stipulation of facts to the court, presenting this matter on a case stated basis.

## FACTS

(1) Eugene Kiess and Cassandra Kiess, his wife, are the owners of 20 subdivided lots that are part of the L.A.M. Development in the Township of Wolf, County of Lycoming, and Commonwealth of Pennsylvania.

(2) Prior to being subdivided in the 1970's, the land in question was used primarily for agricultural purposes.

(3) Some of the lots in question have been sold to private owners, some are non-salable due to being in the flood plain, and the remaining lots remain unsold and exist as unimproved land.

(4) On or about September of 1991, defendants received numerous citations for violation of the Wolf Township Vegetation Ordinance, based primarily on defendants' failure to mow and trim the unoccupied and unimproved lots they retained to a height less than six inches.

(5) During 1991, defendants did not mow or trim the lots in accordance with the ordinance prior to August of 1991, and the vegetation growth was in excess of that permitted by the ordinance.

(6) On November 6, 1991, District Justice Allen P. Page, III, found in favor of Wolf Township on this matter.

(7) Numerous complaints have been made to Wolf Township concerning the defendants' lots by residents of the development whose lots are near or adjacent to the lots in question.

(8) Wolf Township takes the position that all subdivided lots in the development are subject to the Vegetation Ordinance.

(9) Defendants take the position that subdivided agricultural land which remains otherwise unimproved, does not become subject to the Wolf Township Vegetation Ordinance until sold and/or built upon, and/or falls within the farmland and wooded regions exception of section IV of the Wolf Township Vegetation Ordinance.

(10) Defendants' lots are currently not farmed or wooded, and have not been farmed since 1985. Defendants have, in the past, leased portions of the land to third parties for farming purposes and intend to do so in the future.

(11) Some of the defendants' lots in question are adjacent to lots on which residential buildings are located.

(12) Defendants' lots are located in an area zoned R-1, "low density residential zone," the specifications of which are enumerated in section 302 of the Wolf Township Zoning Ordinance. Wolf Township, Lycoming County, Pennsylvania, Ordinance 86-01 (March 10, 1986).

## ISSUE

Whether defendants' subdivided agricultural land that remains otherwise unimproved, but is adjacent to residential lots in the same development, is subject to the Wolf Township Vegetation Ordinance.

## DISCUSSION

The Wolf Township Ordinance 84-06-12, which applies to the instant case, reads:

## "I. VEGETATION AS NUISANCE

"No person, firm, partnership or corporation owning or having an interest in or occupying any real estate within the Township of Wolf, County of Lycoming, and Commonwealth of Pennsylvania, shall permit any grass or weeds or vegetation whatsoever, not edible or planted for some useful or ornamental purposes, to grow or remain on such premises, including any portion of the premises occupied by a street or alley, so as to exceed a height of six inches or to throw off any unpleasant or noxious odor or to conceal any filthy deposit or to create or to produce pollen. All such vegetation is hereby declared to be a nuisance and detrimental to the health, safety, cleanliness, welfare and comfort of the inhabitants of the township....

## "IV. EXCEPTIONS

"Provided, however, that farmlands and wooded regions within the township shall not come within the provisions of this ordinance."

The question to be resolved then becomes whether the residential lots owned by defendants fall within the exception by virtue of their being farmlands.

It is not disputed that the abatement of a nuisance is within the police powers of the Commonwealth of Pennsylvania and are delegated to the township under the Pennsylvania Municipalities Planning Code, 53 P.S. §10101, et seq. The health, safety and morals of the people are within the legitimate ambit of the police powers of the Commonwealth. *Sobocinski v. City of Williamsport,* 13 Pa. Commw. 425, 429, 319 A.2d 697, 699 (1974), the Commonwealth Court, in upholding the decision of this court rendered by the Honorable Charles F. Greevy, stated:

"As to appellant's first contention we think it is clear that the enactment of this weed ordinance, and the summary abatement of violations thereunder, is a valid exercise of the city's police power. Although the precise parameters of the police power escape definition, the limits of *our* inquiry as to whether the police power was properly exercised are firmly established. 'To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.' (citations omitted) 'In applying these standards a regulation must be measured by its "reasonableness," *Goldblatt v. Hempstead,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed. 2d 130 (1962). Debatable questions as to "reasonableness" are not for the courts but for the legislature and therefore the presumption of reasonableness is with the state....' *Commonwealth v. Harmar Coal Company,* 452 Pa. at 93, 306 A.2d at 317." (emphasis in original)

The only question remaining then becomes whether or not the exceptions for farmlands and wooded regions applies to the instant case. It is elementary that in construing a statute, the legislative intent controls, as stated in 1 Pa.C.S. §1921, which states:

"(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

"(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

"(1) The occasion and necessity for the statute.

"(2) The circumstance under which it was enacted.

"(3) The mischief to be remedied.

"(4) The object to be attained.

"(5) The former law, if any, including other statutes upon the same or similar subjects.

"(6) The consequences of a particular interpretation.

"(7) The contemporaneous legislative history.

"(8) Legislative and administrative interpretations of such statute."

We believe that this rule of construction is equally applicable to the instant ordinance. As the term "farmlands" is ambiguous as it is susceptible to several interpretations, we will ascertain the intent of the township in enacting the ordinance pursuant to the factors enumerated under 1 Pa.C.S. §1921(c) above.

The purpose of the ordinance is the maintenance of an orderly appearance and healthy environment (*i.e.,* not conducive to the breeding of rodents or vermin, and general cleanliness), in residential areas. Defendants have voluntarily converted the former farmland into residential building lots, and the residents thereof have built homes upon said lots which defendants have sold to them at a profit. We believe that defendants are estopped from non-compliance with the ordinance which assists in making the lots fit for the very purpose for which they were sold. Once defendants sold the lots for residences, and

the lots were utilized accordingly, the remaining lots were subject to the mandates of the zoning ordinance.

Accordingly, the following will be entered:

## VERDICT

And now, July 24, 1992, the defendants are found guilty of violation of the Wolf Township Vegetation Ordinance.

The sentence of the court is that defendants pay all costs of prosecution and pay a fine of $100 on each of the six counts.

Defendants may have 20 days from receipt of this verdict to file post-verdict motions. A copy of this verdict shall be sent to defendants' attorney and to defendants by certified mail. If post-verdict motions are filed, the sentence will be automatically vacated.