**COMMONWEALTH of Pennsylvania,**

v.

**Alexandra SIEMEL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1996.

Decided Dec. 17, 1996.

---

3. Section 603.1 was *added by* the Act of December 21, 1988, P.L. 1329.

Michael H. Malin, Philadelphia, for appellant.

Jay V. Taylor, Lansdale, for appellee, Borough of Lansdale.

Before: COLINS, President Judge, and DOYLE, McGINLEY, SMITH, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

DOYLE, Judge.

Alexandra Siemel appeals an order of the Court of Common Pleas of Montgomery County upholding her summary conviction under the Borough of Lansdale's weed and grass ordinance.

Siemel owns a 7,000 foot residential lot in the Borough which is bordered on three sides by single-family homes. In June of 1993, the Borough received a complaint of "excessive vegetation" on the property in violation of Section 2 of Borough Ordinance 876 which prohibits "excessive vegetation to grow, be or remain upon private premises and/or the public thoroughfare adjacent to private premises." [1] The Ordinance defines excessive vegetation as "any grass, weeds, bushes, brush, saplings or similar vegetation exceeding six inches in height except such as are planted for **useful** or **ornamental purposes**." (Ordinance 876, Section 1(D).) (Emphasis added.)

Following an investigation of the property, the Borough Code Enforcement Officer orally notified Siemel that she was in violation of Borough Ordinance 876 and requested that she cut the weeds and grass in her front yard to the six-inch limit as mandated by the Ordinance. Thereafter, the Officer sent to Siemel a written notice of the violation dated June 15, 1993. On July 28, 1993, the Officer again visited the property and found that the vegetation on Siemel's property was twelve to fifteen inches high. After returning to the property two weeks later and finding that the vegetation had grown to twenty-four inches, the Officer issued three citations to Siemel for violating Ordinance 876.

Siemel was convicted before a District Justice of violating Ordinance 876. She then appealed the conviction and filed a motion to dismiss arguing, *inter alia*, that Ordinance 876 was unconstitutionally vague. By order dated June 8, 1994, Common Pleas denied the motion to dismiss and upheld the constitutionality of the Ordinance. Thereafter, following an evidentiary hearing, Common Pleas upheld Siemel's summary conviction and fined her $150 plus costs. The instant appeal followed.

On appeal, Siemel again argues that the Borough's Ordinance 876 is unconstitutionally vague and is not rationally related to any valid police power purpose. Specifically,

---

1. Section 2 of Borough Ordinance 876 provides in full:

 No person shall permit excessive vegetation to grow, be or remain upon private premises and/or the public thoroughfare adjacent to private premises. All excessive vegetation is herewith declared to be a nuisance and detrimental to the health, safety and welfare of the inhabitants of the Borough of Lansdale. All persons as defined hereinabove are required to cut, remove or destroy or cause to be cut, removed or destroyed all excessive vegetation as defined herein.

Siemel argues that (1) the Commonwealth has failed to establish that the Ordinance was promulgated to redress a nuisance in fact, (2) the solely aesthetic aim of the Ordinance is not a valid police power purpose, and (3) the undefined terms, "useful and ornamental" and "planted," are vague and therefore the Ordinance cannot be reasonably interpreted.

Initially, we note that Ordinance 876 was enacted pursuant to the Borough Code which specifically empowers boroughs

[t]o prohibit and remove any nuisance, including but not limited to accumulations of garbage and rubbish and the storage of abandoned or junked automobiles and to prohibit and remove any dangerous structure on public or private grounds, or to require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds....

(6) **Health and cleanliness regulations.** To make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort and safety of the borough.

Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 46202(5), (6).

In *Sobocinski v. City of Williamsport*, 13 Pa.Cmwlth. 425, 319 A.2d 697 (1974), we upheld a substantively similar weed and excessive vegetation ordinance against constitutional attack. In that case, a property owner was convicted on six counts of violating a city weed ordinance which declared the growth of grass or weeds above six inches in height to be a nuisance. On appeal to this Court, the property owner, like Siemel in the instant case, argued that the ordinance was facially unconstitutional because it was an invalid exercise of police power and impermissibly vague.

We rejected these arguments and upheld the ordinance as constitutional, stating:

[I]t has uniformly been held that an ordinance which declares as a nuisance and requires the abatement of weeds above a height certain is a reasonable exercise of the police power. *See generally* 6 McQuillen, Municipal Corporations, 3d ed.,

§ 24.90, 659,660. The instant ordinance was enacted pursuant to Section 2403(16) of the Third Class City Code, Act of June 23, 1931, P.L. 932, as amended, 53 P.S. § 37403916, which has been held to grant subject municipalities broad power to abate as nuisances conditions and occupations detrimental to the public health and welfare.... A similar ordinance declaring a nuisance and authorizing the summary abatement of weeds and grass over six inches in height was upheld as a valid exercise of police power under a similar enabling statute in *Ruppin v. Akron Borough*, 21 Pa. D. & C.2d 607 (1959). The court there noted that weeds allowed to grow to excess affect the public health by *producing allergenic pollen [and] noxious odors....*

.... Since we find the object to be obtained and the means adapted thereto to be reasonably within the police power, we must sustain the ordinance.

*Id.* 319 A.2d at 700 (citations omitted)(footnote omitted).

Additionally, in *Sobocinski*, we held that the subject ordinance was not unconstitutionally vague notwithstanding the fact that it failed to define "grass" or "weeds." In this regard, we stated:

Appellant argues that the ordinance is unconstitutionally vague as it fails to define 'grass' or 'weeds,' and thus does not give a property owner an adequate standard by which to gauge his conduct. We find this argument to be without merit given the common meaning and use of these terms. Moreover, the ordinance here sets a definite height at which weeds and grass must be cut....

*Id.* àt 701.

 The excessive vegetation provisions of Borough Ordinance 876 are substantively similar to the weed abatement provisions of the ordinance in *Sobocinski*. As stated above, regulations which proclaim certain vegetation in excess of six inches to be a nuisance **are** valid exercises of police power by a Borough.[2] Further, the words "useful,"

---

**2.** Many ordinances similar to the one in question

have been held constitutional by our sister states.

"ornamental" and "planted" may be defined according to their common meaning. Most important, Ordinance 876, like the ordinance in *Sobocinski*, sets a definite height at which the vegetation must be cut and provides for notice before the Borough proceeds to abate the nuisance; hence, Ordinance 876 does not infringe Siemel's due process rights.

Accordingly, we affirm the order of Common Pleas upholding Siemel's summary conviction.

### ORDER

NOW, December 17, 1996, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, dissenting.

Because I agree with Siemel that the Borough of Lansdale's Ordinance 876 is unconstitutionally vague[1] and cannot be reasonably interpreted, I respectfully dissent.

I must concede that under *Sobocinski v. City of Williamsport*, 13 Pa.Cmwlth. 425, 319 A.2d 697 (1974), a case that construes a weed ordinance similar to the one involved in the current case, the Borough position, which is adopted by the majority here, apparently prevails. Nonetheless, I agree with Siemel that the terms of Ordinance 876, particularly "useful" and "ornamental," fail to offer a clear guide by which property owners can gauge their conduct. Indeed, contrary to the majority's view, I believe that when it comes to assessing the usefulness or ornamental value of different forms of vegetation, people of common intelligence can hold widely differing views, a fact underscored by the evidence presented in this case. Whereas in *Sobocinski*, we were not presented with and, therefore, did not consider any opposing authorities, Siemel offers the testimony of George Offutt, a biologist and naturalist, who

characterized Siemel's property as a beautiful natural garden which did not represent any threat to the community. (R.R. at 125–51.) *See also*, Exhibits D3—D5.

Of course, this is not to imply that a property owner is free to ignore the health hazards that can accompany certain types of vegetation, even when that vegetation is not excessive. Here, however, there was no evidence that Siemel's yard actually contained any vegetation that produced allergens or noxious odors, or that the yard harbored any rodents or dangerous insects. Moreover, Siemel indicated that she believes her "natural garden" is environmentally superior to typical manicured lawns and is her statement of what she considers both ornamental and healthy for the environment. (R.R. at 115–18.) Respected authorities on the subject apparently agree.

Accordingly, I would reverse, holding that, as worded, Ordinance 876 is unconstitutionally vague, and I would specifically overrule *Sobocinski* to the extent that it would compel a different result.

---

See, e.g., *Howard v. City of Lincoln*, 243 Neb. 5, 497 N.W.2d 53 (1993) (ordinance prohibiting "weeds or worthless vegetation" more than six inches above ground); *McDonald v. State*, 693 S.W.2d 660 (Tex.Ct.App.1985) (ordinance proscribing weeds which are defined as "uncultivated vegetation, including but not limited to, grasses of a height in excess of twelve inches"); *Thain v. City of Palo Alto*, 207 Cal.App.2d 173, 24

Cal.Rptr. 515 (1962) (ordinance proscribing "weeds" on public and private property).

1. Siemel also raises several additional arguments; however, because of my disposition on this issue raised by Siemel, I would not address these other arguments.