# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
     :
         v.      :   No. 566 C.D. 2018
     :   Submitted: March 29, 2019
Ralph Jannini,      :
         Appellant      :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
               **HONORABLE ROBERT SIMPSON,** Judge
               **HONORABLE MICHAEL H. WOJCIK,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED: August 13, 2019**

Before the Court is an appeal by Ralph Jannini (Appellant), pro se, from the Order of the Court of Common Pleas of Greene County (trial court) dated March 9, 2018, finding Appellant guilty of violating an ordinance that limits the height of certain vegetation. The issues before this Court are whether the ordinance is unconstitutionally vague and not a valid exercise of police power and whether the trial court abused its discretion or erred as a matter of law when considering the sufficiency of the evidence and evaluating Appellant's claim of selective prosecution. Upon review, we affirm.

In 2015, Appellant received multiple citations for allegedly violating Greensboro Borough (Borough) ordinances related to vegetation height, property maintenance, and gutters. Preliminarily, a magisterial district judge found Appellant

guilty of all charges. Following this, Appellant appealed to the trial court, which consolidated the appeals at Appellant's request. (Record (R.) Item 27.)[1] This case was postponed by several continuances requested by both parties. Ultimately, all of the charges except for one citation were withdrawn by the Commonwealth of Pennsylvania (Commonwealth) or dismissed by the trial court. The single remaining citation at issue related to the height of certain Pokeweed plants on Appellant's property, which the Commonwealth contended violated Greensboro Ordinance Number 2015-6 (Ordinance). Section 1 of the Ordinance provides:

> No person, firm, corporation or contractor owning or occupying any property within the Borough of Greensboro, shall permit any grass or weeds or any vegetation whatsoever, not edible or not planted for some useful or ornamental purpose, to grow or remain upon such premises so as to exceed a height of eight (8) inches, or to throw off any unpleasant or noxious odor, or to conceal any filthy deposit. Any grass, weeds, or other vegetation growing upon any premises in the Borough in violation of any of the provisions of this section is hereby declared to be a nuisance and detrimental to the health, safety, cleanliness and comfort of the inhabitants of the [B]orough.

(Ordinance § 1 (Jan. 12, 2015).)

On the merits of this citation, the trial court conducted a view of Appellant's property on November 7, 2017. At the subsequent hearing, the trial court explained that during the view it pointed out plants that were acceptable, and those that were not, and advised Appellant that his concern was the Pokeberry around a telephone pole and by the front steps, which the trial court described as five to six-feet high. (Jan. 8, 2018 Hr'g Tr. at 15, 40.) The trial court indicated that, during the view, Appellant stated that he would "think about" cutting or removing them. (*Id.* at 40.) Approximately one month after the view, the trial court held a status conference for

---

[1] Although consolidated, it appears the trial court continued to maintain three separate dockets. Citations to the record refer to the original record for Docket No. 38-SA-2015.

2

the parties to update the trial court on any progress towards compliance. Following the status conference, the trial court issued an order docketed on December 11, 2017, wherein the trial court stated, "The Court, in the view of the property, does believe that the [Appellant] is in violation of the [Ordinance]." (R. Item 36.) However, the trial court, cognizant that Appellant had yet to present his defense, proceeded to a hearing on January 8, 2018. At the start of the hearing, the trial court reiterated that he thought the Commonwealth met its burden with the view and inquired whether Appellant had removed the Pokeberry, to which Appellant responded that he had not, except for some plants that were nonproductive or suffered frost. (Jan. 8, 2018 Hr'g Tr. at 5-6.)

After extensive discussion with the parties, the trial court proceeded with the hearing, at which Appellant called the Code Enforcement Officer to testify as if on cross-examination. To begin, Code Enforcement Officer testified to the notice given to Appellant within the issued citation. Code Enforcement Officer further testified, in response to Appellant's questioning about selective prosecution, that he has cited seven or eight properties over the summer and the only property, for which a citation has not been issued, is the property owned by the municipality, which is immune from prosecution. (*Id.* at 17, 80.)

Appellant also testified, in his own defense, that he carefully maintains most of his property and is trying to return portions to its natural state.[2] He stated "we're talking about a four-foot border on the front edge of the property and on the right-

---

[2] In his post-hearing memorandum to the trial court, Appellant stated he began The Church Institute with a mind toward conservation and a biodiverse landscape and claimed that the program is "a vehicle to demonstrate practical conservation practices . . . in an age of environmental uncertainty." (Appellant's Memorandum to the trial court at 2, Reproduced Record (R.R.) at 12a.)

hand[] side. Everything else is maintained." (*Id.* at 43.) The trial court agreed that Appellant made efforts to maintain his property. Specifically, the trial court stated:

> . . . I was there. I can tell what you mow, I'm not going to . . . paint a picture in Court today that it's like a vacant lot or an abandoned lot, or it has tires, or . . . is in any state of disrepair[.] I'm just saying . . . there's [P]okeberries coming right along the road, right through the cracks of the walls there, right where you're mowing . . . .

(*Id.* at 47.)

Appellant further contested the constitutionality of the Ordinance, which he claimed was vague and ambiguous. He also stated that he "really like[d] [P]okeberries" and was being denied the right to use his property as he wanted. (*Id.* at 49, 91.) In addition, Appellant argued, generally, the Ordinance was not uniformly enforced. Appellant also argued that Pokeberry was edible and useful for birds and pollination and can be used in making ink. The trial court was not persuaded by Appellant's argument, stating "[e]verybody in the Courtroom would know what [Pokeberry] was, and every farmer would come in here, one after another, and tell me it wasn't useful." (*Id.* at 16.)

Following the close of the record, the trial court requested memorandums of law from the parties. In consideration of the evidence and parties' arguments, the trial court found Appellant guilty of violating the Ordinance by Order dated March 9, 2018, and fined him $500. First, the trial court found no evidence of selective prosecution. (Order at 2.) In response to Appellant's constitutionality argument, the trial court next noted that the Ordinance at issue contains "similar language [to what] has been upheld by [this Court,]" citing *Commonwealth v. Siemel*, 686 A.2d 899 (Pa. Cmwlth. 1996), and that it adequately provides notice to a property owner of what conduct is prohibited. (*Id.* at 2-3.) The trial court also found that "in some situations

4

the height of certain plants that are not ornamental can be regulated pursuant to the [municipality's] police power." (*Id.* at 3.) The trial court stated it "focused on two weeds that were on the very edge of [Appellant]'s property, one growing through a front wall and the other growing on the northern edge of [Appellant]'s property," which it observed during its view. (*Id.* at 4.) According to the trial court, this Pokeweed was "obviously not planted by the homeowner and would be commonly recognized by anyone viewing the property to be a weed and not an ornamental plant." (*Id.*) The trial court continued that, even though it provided Appellant the opportunity to remove the two tall Pokeweed plants during the view, and indicated if Appellant did so, the charges would be dismissed, Appellant refused and instead chose to continue with his appeal, which was his right. (*Id.*) The trial court reasoned that, although it was apparent that Appellant wanted "to return his property to nature[,]" the two tall Pokeweed plants on Appellant's property were, in fact, neither edible, since it had to be boiled three times before "it was fit for human consumption," nor planted for some useful or ornamental purpose. (*Id.* at 4-5.) It "candidly admit[ted] that" Pokeweed had some benefits and uses, but Pokeweed's "poisonous nature and other detriment(s) . . . permits a [municipality] to regulate it." (*Id.* at 3 n.2.) Appellant then appealed the trial court's March 9, 2018 Order to this Court.[3]

On appeal,[4] Appellant argues that the trial court erred as a matter of law and abused its discretion when it ruled that the Ordinance is not unconstitutionally vague

_____

[3] Pursuant to an order of the trial court, Appellant filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), but the trial court did not file an opinion in further support of its Order.

[4] Our scope of review, on the issue of sufficiency of the evidence, is whether the trial court abused its discretion or committed an error as a matter of law, *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1255 n.2 (Pa. Cmwlth. 2002), and, on the issue of constitutionality, a question of law,

5

and that the Pokeweed plants on his property are prohibited under the Ordinance. To the issue of constitutionality, Appellant argues, in his statement of errors complained of on appeal (Statement), pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), that the "[O]rdinance and its enforcement reach[] beyond [the B]orough's power to regulate nuisances" and the Ordinance "fails to provide persons of common intelligence an understanding of its enforcement[ and] imposes difficulty in interpreting its meaning[.]" (R. Item 47 at 1-2.) To the issue of sufficiency of the evidence, Appellant argues that the trial court erred when it found that the Pokeweed on "Appellant[']s private property was a public nuisance[.]" (*Id.* at 4.) Additionally, it appears as though Appellant raises the defense of selective prosecution, arguing that the trial court "did not give sufficient weight to the testimony, exhibits[,] and court record that identify[] property of similar characteristics adjacent to and surrounding . . . Appellant's property." (*Id.* at 2.) To this point, Appellant further states that the trial court failed to "acknowledge any pattern that a person of common intelligence would consider[] as intentional and selectively based upon some invidious or unjustifiable standard." (*Id.* at 3.)

In his brief to this Court, Appellant appears to defer to the memorandum he filed with the trial court following the hearing. (*See* Appellant's Brief (Br.) at 10.) He further argues that he presented evidence that Pokeweed is edible, citing a "traditional [A]ppalachian recipe of Poke Salad Greens"[5] and "Poke Salad Festivals in southern states." (*Id.* at 12 (citing Reproduced Record (R.R.) at 13a-14a).) As

---

our standard of review is *de novo* and our scope of review is plenary, *London v. Zoning Board of Philadelphia*, 173 A.3d 847, 849 n.1 (Pa. Cmwlth. 2017), *petition for allowance of appeal denied*, 184 A.3d 541 (Pa. 2018).

[5] This recipe provides that poke leaves must be cooked three times before being eaten. (R.R. at 26a.)

for usefulness, Appellant argues Pokeweed can serve as a pollinator and is a food source for birds, plus it provides erosion control in clay-based soil. (*Id.*) Finally, he maintains it is ornamental because of "its bold colors, large leafy canopy, and grape-like clusters of berries hanging in an inverted candelabra." (*Id.* at 13 (citation omitted).) Appellant also argues the Ordinance is selectively enforced, claiming that there is "absolutely no oversight in code enforcement, no contract [with the Code Enforcement Officer, and] no written procedures." (*Id.* at 13-14.) Finally, Appellant reasserts the Ordinance is unenforceable because it is vague and ambiguous.

The Commonwealth argues that the trial court was correct in finding Appellant guilty. The Commonwealth maintains that the Ordinance is not unconstitutionally vague as evidenced by similar ordinances that have been upheld. The Commonwealth further argues that the trial court was correct to find Appellant's Pokeweed plant is prohibited under the Ordinance because the trial court is the trier of fact and has discretion to consider evidence and assign weight to such evidence, pertaining to Appellant's claim, as the trial court sees fit. In addressing Appellant's argument that he has been selectively prosecuted, the Commonwealth briefly notes that Appellant is not being selectively prosecuted and is merely being convicted of the summary offense he committed. (Commonwealth's Brief (Br.) at 10.)

It is well settled law that an ordinance is presumed constitutional and that the party asserting its unconstitutionality bears the burden of proof. *Commonwealth v. Ebaugh*, 783 A.2d 846, 849 (Pa. Cmwlth. 2001). Furthermore, "[d]ebatable questions as to 'reasonableness' are not for the courts but for the legislature and therefore the presumption of reasonableness is with the state . . . ." *Sobocinski v. City of Williamsport*, 319 A.2d 697, 700 (Pa. Cmwlth. 1974) (citation omitted). An ordinance is unconstitutionally vague when it fails to provide a reasonable

7

opportunity to a person of ordinary intelligence to know what conduct is prohibited under the law. *Ebaugh*, 783 A.2d at 849. Furthermore, the state is justified to impose its authority, by reasonable means, on behalf of the public to accomplish the purpose of the ordinance, such as regulating public nuisances, while not being unduly oppressive on the rights of the landowner. *Sobocinski*, 319 A.2d at 699-700. The interpretation of an ordinance is a question of law, over which our review is plenary. *Kohl v. New Sewickley Twp. Zoning Hearing Bd.*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015). When interpreting an ordinance, words may be defined by their common meaning. *See Siemel*, 686 A.2d at 901-02 (finding that words such as useful, ornamental, and planted could be defined by their common meanings).

Appellant argues that the Ordinance is vague and unconstitutional because a reasonable person would not understand the meaning of "useful" or "ornamental" and, therefore, would not be put on notice of what conduct is prohibited under the Ordinance. However, similar ordinances have been upheld by this Court when the challenged words of the ordinance can be interpreted according to their plain or common meaning and the ordinance delineates a maximum height for vegetation. In *Siemel*, a homeowner was issued three citations for violating an ordinance limiting the height of vegetation. 686 A.2d at 900. The ordinance there prohibited property owners from allowing vegetation to exceed six inches unless the vegetation is "useful or ornamental[.]" *Id.* After multiple visits to the appellant's property, the investigating officer issued a notice to the appellant regarding the height of the grass and weeds. Following that notice, the officer returned to the property several more times and found that the vegetation was 12 inches high and then 24 inches high, at which time the officer issued three citations. *Id.* The appellant argued that the ordinance was unconstitutionally vague because it failed to put the property owner

on notice of what conduct was prohibited due to the ambiguous meaning of the terms "useful," "ornamental," and "planted." *Id.* at 901. This Court held that enforcement of the ordinance was within the municipality's proper police power and that the ordinance was not unconstitutionally vague because the terms "useful," "ornamental," and "planted" could be defined by their common meaning, and, more importantly, the definite height requirement laid out in the ordinance puts property owners on notice of what conduct is prohibited under the ordinance. *Id.* at 901-02; *see also Sobocinski*, 319 A.2d at 701 (holding that because the ordinance laid out a maximum height for weeds, the ordinance gave property owners' notice of the prohibited behavior, was a proper exercise of police power, and did not infringe upon the property owner's rights.)

Here, the Ordinance likewise meets the requirements set forth in *Siemel*. First, the Ordinance provides a definite maximum prohibited height of eight inches for vegetation that is not edible, useful, or ornamental. The Ordinance also uses the words "edible," "useful," and "ornamental," two of which were included in the ordinance at issue in *Siemel*, and all of which can be defined by their plain meaning and need not be specifically defined in the Ordinance in order to put citizens on notice of what is expected. "Edible" is defined as "suitable by nature for use as food esp. for human beings: NONPOISONOUS, EATABLE." Webster's Third New International Dictionary 722 (2002). "Useful" is defined as "capable of being put to use: having utility: ADVANTAGEOUS . . . esp: producing or having the power to produce good: serviceable for a beneficial end or object." *Id.* at 2524. Finally, "ornamental" means "having decorative quality or value" or "a plant cultivated for its beauty rather than for use." *Id.* at 1592. Thus, we cannot conclude that the

9

Ordinance is vague or ambiguous, such that a property owner would not be on notice of what is prohibited.

Importantly, the enforcement of the Ordinance at issue is also consistent with and furthers the purpose of the Ordinance. Thus, the Ordinance is not unconstitutionally vague and is a valid exercise of police power. In *Siemel*, the purpose of the ordinance was to promote the "health, safety, morals, general welfare and cleanliness" of the borough, such that the ordinance must be enforced in furtherance of that purpose. 686 A.2d at 901. Here, too, the purpose of the Ordinance is to eliminate "a nuisance" that is "detrimental to the health, safety, cleanliness and comfort of the inhabitants of the [B]orough." (Ordinance § 1.) The two Pokeweed plants the trial court focused on were located along the front wall and northern edge of Appellant's property. Given the location of these Pokeweed plants, the Borough's enforcement of the Ordinance is justified and not unduly oppressive because it is in the public interest to eradicate poisonous plants to protect the health and safety of the community.

In support of his constitutionality argument, Appellant cites two cases, *Samuels v. City of Beaver Falls*, 5 Pa. D. & C.2d 500 (1955), and *Lutz v. Armour*, 151 A.2d 108 (Pa. 1959), neither of which we find persuasive. In *Samuels*, a weed ordinance was held to be unconstitutional because the ordinance failed to specify a prohibited height of vegetation. Initially, we note that this Court is not bound by the decisions reached in courts of common pleas. *THW Grp., LLC v. Zoning Bd. of Adjustment*, 86 A.3d 330, 339 (Pa. Cmwlth. 2014). Additionally, the decision that the ordinance in *Samuels* was unconstitutionally vague was based primarily on the lack of a defined height, which is distinguishable from the case at bar, which does delineate a prohibited height, specifically exceeding eight inches. In *Lutz*, the

10

Supreme Court of Pennsylvania ruled that a garbage disposal ordinance was unconstitutional and unenforceable because it was not within a city's police power to prohibit a business within the city from disposing of garbage that originated outside the city where there was no evidence of a relationship between the extra-territorial garbage and harm to the public. *Id.* at 110. Although *Lutz* demonstrates an improper exercise of police power, which Appellant asserts here, it is factually distinguishable from the case at bar. Most obviously, it does not pertain to the height of vegetation, and thereby has little relevance to our decision here. Furthermore, we have recognized that weed ordinances are a reasonable exercise of police power. *See Siemel*, 686 A.2d at 901.

The next issue on appeal is whether there was sufficient evidence to support Appellant's conviction. The scope of review in evaluating the sufficiency of the evidence for a conviction of a summary offense is whether the trial court abused its discretion or erred as a matter of law. *Commonwealth v. Geatti*, 35 A.3d 798, 799 (Pa. Cmwlth. 2011). In evaluating the sufficiency of the evidence, the test is whether "the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt" when the evidence and all reasonable inferences therefrom is viewed in the light most favorable to the Commonwealth, as the prevailing party below. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 22 (Pa. Cmwlth. 2015). The trial court "is free to believe all, part, or none of the evidence" presented because it is the trier of fact and has discretion to determine the credibility of witnesses and assign weight to the evidence introduced. *Id.* When reviewing a trial court's decision, this Court can properly consider only evidence that is part of the original record of the case. *Geatti*, 35 A.3d at 800.

In order to find Appellant guilty of violating the Ordinance at issue, there must be sufficient evidence to support that Appellant (1) grows or allows to remain upon his land grass, weeds, or any vegetation (2) that, in relevant part, is not edible, useful, or ornamental and (3) exceeds a height of eight inches. (Ordinance § 1.) The Commonwealth bears the burden of proving a defendant's guilt. *See Commonwealth v. Spontarelli*, 791 A.2d 1254, 12582 (Pa. Cmwlth. 2002) (noting that the Commonwealth bore the burden of proving that the grass exceeded the permitted height but did not bear the burden of proving the exact height of the grass).

Appellant does not dispute the first or third elements are satisfied; rather, it appears as though only the second element, whether the Pokeweed plant is edible, useful, or ornamental, is in dispute between the parties. Based upon the plain meaning of these terms, as set forth above, we cannot conclude the trial court erred in concluding that a plant that is poisonous to humans is not useful for a practical purpose because of its inherently harmful nature. It is also **not safe** to eat in its natural state, and therefore is not edible, even if it purportedly can be eaten if boiled several times in order to eliminate the toxins. We agree with the trial court that, when evaluating the usefulness and edibility of Pokeweed, the evidence that Pokeweed is poisonous to humans is more persuasive than the evidence supporting its usefulness as a food source for humans and native birds. (Order at 3 n.2, 5.) The trial court further found, after viewing the property, that the plant "would be commonly recognized . . . to be a weed and not an ornamental plant."[6] (*Id.* at 4.)

---

[6] Although the trial court did not provide a direct reason for striking the argument that Pokeweed is ornamental in its Order, the alleged ornamental nature of Pokeweed was addressed by the trial court during the January 8, 2018 hearing. When the trial court asked whether Appellant was making the argument that the Pokeweed is ornamental, Appellant stated "I never said [Pokeweed] was ornamental[,]" and later the trial court stated that "clearly" "[Pokeweed is] not ornamental[,]" to which Appellant did not disagree. (Jan. 8, 2018 Hr'g Tr. at 13, 39.)

12

Although Appellant may subjectively find the Pokeweed to be useful or ornamental, in *Sobocinski*, this Court rejected the use of a property owner's subjective beliefs as a means of interpreting a challenged weed ordinance. In that case, the appellant argued that, because weeds are defined as "unwanted" plants, and he "wanted" his plants, his plants could not be prohibited under the weed ordinance. *Sobocinski*, 319 A.2d at 699. This Court stated that the "vegetal preferences" of the appellant had no bearing on the enforcement and interpretation of an ordinance or on what conduct is prohibited. *Id.* Though there may be evidence supporting the arguments of both Appellant and the Commonwealth, the trial court assigned more weight to the Commonwealth's evidence, and such an assignment is within the power of the trial court as the fact finder. *Spontarelli*, 791 A.2d at 1258. Thus, sufficient evidence existed to find Appellant guilty of violating the Ordinance, and the trial court did not abuse its discretion or commit an error of law.

In support of his sufficiency argument, Appellant cites two cases. First, Appellant cites *Rodale Press, Inc. v. Emmaus Borough*, 14 Pa. D. & C.3d 533 (1980), another court of common pleas decision, by which this Court is not bound. *THW Grp., LLC*, 86 A.3d at 339. In *Rodale*, the trial court found the experimental grass area at issue to be both useful and ornamental, unlike here where the trial court found the Pokeweed is not useful or ornamental. The court in *Rodale* also found that the ordinance was not violated because the experimental grassy area had no detrimental effect on the health, safety, cleanliness, or comfort of the community,[7] unlike here where Pokeweed, as a poisonous plant, is detrimental to the health and safety of the community. Second, Appellant cites the *Appeal of Lord*, 81 A.2d 533

---

[7] The court of common pleas in *Rodale* found that "[o]bjectionable vegetation such as ragweed, poison ivy and Canadian thistle [we]re not permitted to grow in the project area." 14 Pa. D. & C.3d at 537.

(Pa. 1951), in which the appellant was permitted to erect a 32-foot tall radio antenna where the court found public policy promotes technological progress and the appellant's actions were not detrimental to the community. *Appeal of Lord* is distinguishable from the case at bar both factually and legally, as it pertains to the erection of an amateur radio antenna for technological progress in the 1950s and there was no evidence of a detriment to the community, rather than a toxic plant growing in excess of a prohibited height.

As his final issue, Appellant endeavors to raise the defense of selective prosecution. The trial court found no evidentiary basis to support Appellant's claim. Before this Court, Appellant's claim is undeveloped, and our Supreme Court has held that an undeveloped argument without citation to relevant authority is not reviewable by appellate courts and is thereby waived. *Commonwealth v. Spotz*, 18 A.3d 244, 323 (Pa. 2011). To the extent that we are able to discern Appellant's argument, and, after independent review of the record, we agree with the trial court that Appellant did not meet his burden. In order to establish a claim of selective prosecution, the appellant bears the burden of proving "that others who are similarly situated are generally not prosecuted for similar conduct **and** . . . that the [appellant] was intentionally and purposefully singled out for an invidious reason." *Commonwealth v. Celano*, 717 A.2d 1071, 1074 (Pa. Cmwlth. 1998) (emphasis added). Here, Appellant's evidence in support of his claim include various photographs of properties in his area, on which he believes property owners allow prohibited vegetation to grow. (Appellant's Exs. H, O, P, Q, R, S.) However, Appellant did not present any evidence that such owners have not been issued citations, and, according to the testimony of the Code Enforcement Officer, contrary to Appellant's statements, all properties in violation of the Ordinance have been

issued citations except for that of the municipality, as it is immune. (Hr'g Tr. at 80.) The trial court, as the finder of fact, did not find Appellant's evidence of selective prosecution credible, a determination which this Court will not supplant. As Appellant must meet both elements of the test in order to establish his claim and Appellant fails to meet the first element, we need not address the second element of a selective prosecution defense.

In conclusion, this Court affirms the Order of the trial court as the Ordinance is not unconstitutionally vague and the trial court did not abuse its discretion or commit an error as a matter of law in finding Appellant is guilty beyond a reasonable doubt and that Appellant did not establish the defense of selective prosecution.

_____
**RENÉE COHN JUBELIRER,** Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
  :
  :
  :
       v.   :   No. 566 C.D. 2018
  :
Ralph Jannini,   :
           Appellant   :

## **O R D E R**

AND NOW, August 13, 2019, the Order of the Court of Common Pleas of Greene County dated March 9, 2018, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge