James SHORT and Madonna Short, Appellants/Cross–Appellees

v.

CITY OF OLIVE HILL, Appellee/Cross–Appellant.

Nos. 2012–CA–000873–MR, 2012–CA–000939–MR.

Court of Appeals of Kentucky.

July 26, 2013.

Rehearing Denied Oct. 7, 2013.

Jim Short, Madonna Short, Olive Hill, KY, pro se, for Appellants/Cross–Appellees.

Spencer D. Noe, Donald M. Wakefield, Lexington, KY, George M. Hogg, Olive Hill, KY, for Appellee/Cross–Appellant.

Before CAPERTON, MAZE, and THOMPSON, Judges.

*OPINION*

CAPERTON, Judge:

The Pro–Se Appellants/Cross–Appellees, Jim and Madonna Short, appeal the November 22, 2011, order granting defendant's motion to alter, amend, or vacate (in part) its previous order of February 18, 2010, and granting summary judgment in favor of Appellee/Cross–Appellant, City of Olive Hill, on issues of a lien assessed as a result of enforcement of a code violation prohibiting weed growth which Olive Hill asserts was committed by the Shorts. On appeal, the Shorts argue that Olive Hill violated their due process rights and filed the lien against them illegally. Olive Hill disagrees, asserting that it provided the Shorts with due process in the course of filing what it asserts was a valid and legal lien. On cross-appeal, Olive Hill requests

reversal of that portion of the court's ruling that it was required to provide "enhanced delivery" of its Enforcement Order against the Shorts. Upon review of the record, the arguments of the parties, and the applicable law, we affirm.

Since December 23, 1997, the Shorts have been owners of an old school building located in Olive Hill, Kentucky, (hereinafter the "Property"). On March 15, 2006, Olive Hill's Code Enforcement Officer mailed a Notice of Code Violation for violations of a city nuisance ordinance pertaining to the accumulation of debris and the growth of weeds and brush. The Shorts were informed that a citation would be issued if the violations were not corrected by March 24, 2006. The Code Enforcement Officer subsequently mailed a Uniform Code Enforcement Citation for the nuisance violations, on March 29, 2006, because the violations were not corrected. This citation informed the Shorts that a fine could be paid or a hearing requested to contest the citation.

Thereafter, on April 4, 2006, the Shorts requested a hearing before the Olive Hill Code Enforcement Board to contest the citation, asserting that it was vague and without clarity. According to the Shorts, it was determined that a meeting with the Code Enforcement Officer was supposed to take place to help clarify issues. At the Shorts' request, the administrative hearing initially scheduled for June 13, 2006, was rescheduled to September 5, 2006. Jim Short attended and participated in the hearing during which the entire Board unanimously found that the Property was in violation of the nuisance ordinance and ordered the debris removed and the weeds cut within one week, with a $25.00 per-day penalty to be imposed for each day that this was not accomplished.[1] On September 6, 2006, the Board's decision was reduced to a written order (the "Enforcement Order") and was mailed to the Shorts via standard U.S. Mail, postage prepaid. The Enforcement Order was never returned as undeliverable, although the Shorts deny receiving it.

Within a week of the hearing during which the Board's decision was announced,[2] the Code Enforcement Officer, at Jim Short's request, met with Jim Short at the Property to discuss the remedial actions which had to be taken to abate the nuisances.[3] The Shorts still failed to abate the nuisances, however, and on April 9, 2007, Olive Hill mailed a letter to the Shorts which expressly informed them that the Enforcement Order had been entered on September 6, 2006, and which also expressly informed them of the filing of the Notice of Lien which was, at that time, in the amount of $5,250. On May 21, 2007, Olive Hill sent the Shorts an additional letter containing both a copy of the Notice

---

1. *See* Admission # 24 [R. 96–100; 149–179] in which the Shorts stated, "ADMIT in part that from memory, the hearing board did give me one week to complete the ambiguous task of removing 'wood debris and cutting down weeds.'"

2. Short disputes that a decision was announced at this time; instead he asserts that the Board simply agreed, at that time, to meet again concerning issues of clarification and notice of the violation.

3. Jim Short disputes that this meeting ever took place. While he acknowledges requesting the meeting, Short asserts that Taylor Duncan, the Code Enforcement Officer, failed to appear for the meeting, and he subsequently submitted a false affidavit in which he stated that he had met with Short in September of 2006. Short asserts that the meeting did not actually take place until around May of 2007, after the lien was already in place. Short stated that when summoned to court in an attempt to challenge the affidavit, Taylor Duncan failed to appear.

of Lien and a copy of the Enforcement Order as an attachment.[4]

The Shorts did not file an appeal of the Enforcement Order with the Carter District Court. Rather, on May 24, 2007, the Shorts filed their Complaint initiating the instant lawsuit in the Carter Circuit Court. In the Complaint, the Shorts requested that the Carter Circuit Court release the statutory lien against the Property; impose an injunction prohibiting Olive Hill from imposing any further claims, fines, or demands against the Property; and to award the Shorts monetary damages. In support of such relief, the Shorts alleged that: (1) The Nuisance Ordinance (Ordinance No. 2003–03) and notices of violations thereof are unconstitutionally vague and complex; (2) The ordinance establishing the Olive Hill Code Enforcement Board (Ordinance No. 2003–05A) is invalid as improperly published; (3) The Board violated procedural due process by failing to follow certain "Rules of Procedure"; (4) The Board was not properly constituted and its Enforcement Order was signed by an unauthorized person (during summary judgment proceedings, the Shorts explained that it was their contention that a Board member who served as Secretary had not been properly reappointed or sworn in to act as a member of the Board); and (5) The fine imposed by the Enforcement Order was excessive.

Subsequently, on June 13, 2007, Olive Hill filed an answer with a counterclaim for fines and enforcement of its statutory lien. Following written discovery, both parties filed motions for summary judgment which were briefed and submitted by January 30, 2009. On February 18, 2010, the circuit court entered an "Order Addressing Cross–Motions for Summary Judgment." Therein, the circuit court held that: (1) The Nuisance Ordinance was not unconstitutionally vague or complex with respect to the identification of weeds and vegetation as would constitute a nuisance; (2) The Board's action was not invalid for failure to include an indispensable party and both of the Shorts had notice and an opportunity to be heard in the administrative proceeding; (3) The fine imposed by the Enforcement Order was not excessive; (4) the Board's action was not invalid because the Board's Secretary, Alberta McCoy, was properly reappointed to the Board; and (5) The Shorts' claims were not barred for their failure to timely appeal to the Carter District Court, pursuant to Kentucky Revised Statutes (KRS) 65.8831, because Olive Hill had failed to provide "enhanced service" of the Enforcement Order by either certified mail, personal delivery, or delivery to the Shorts' home in the custody of an adult residing therein. The Court further reserved ruling as to whether the Board's action was invalid for failure of the Board's Secretary to have retaken the oath of office upon her reappointment, pending the submission of proof as to whether or not such an oath was readministered.

Olive Hill filed a motion for partial reconsideration, seeking the circuit court to reconsider its ruling that "enhanced service" was required, and seeking a ruling that the Shorts had sufficient notice of the Board's decision such that they could not complain of a lack of receipt of the Enforcement Order as an excuse for failing to file a timely appeal. Further, by its motion, Olive Hill affirmatively advised the court that the Board's Secretary, Alberta McCoy, had not been readministered the oath of office upon her reappointment to a

---

**4.** In his reply brief to this Court, Short disputes receiving a copy of the lien with the Enforcement Order attached.

second consecutive term, and sought the circuit court to nonetheless rule that Ms. McCoy was lawfully empowered to act as Board member or, alternatively, that the Board's action was valid as taken by a majority of a quorum of the Board.

Thereafter, on November 22, 2011, the circuit court ruled on the motion for partial reconsideration when it entered an "Order Granting Defendant's Motion to Alter, Amend, or Vacate (in part) and order Granting Judgment in Favor of Defendant." By this Order, the circuit court ruled that: (1) Board's Secretary, Alberta McCoy, was lawfully empowered to act as a Board member even though she did not retake the oath of office upon reappointment, and the action of the Board was therefore valid; and (2) While the court continued to believe that the Board was required to provide enhanced service of the Enforcement Order, the failure of the Shorts to file an appeal of same barred their claims.

On November 28, 2011, the Shorts filed a motion to alter, amend, or vacate the judgment entered on November 22, 2011. Therein, the Shorts requested the circuit court reconsider its ruling that Alberta McCoy was empowered to act despite not having been readministered the oath of office upon her reappointment and to reconsider its ruling that the Shorts' claims were barred by their failure to file an appeal of the Enforcement Order. Further, in that motion, the Shorts presented for the first time an argument that Olive Hill had violated the doctrine of laches and also advised that they had filed a complaint in the Carter District Court.

On December 19, 2011, Olive Hill filed a response in opposition to the motion. Subsequently, on April 13, 2012, the circuit court entered an order overruling the Shorts' motion to alter, amend, or vacate judgment. This appeal followed.

On appeal, the Shorts make several arguments. First, they assert that although Madonna Short is a co-owner of the Property on which the lien was filed, she was not given notice of the violation, notice of the code enforcement hearing, nor notice of issuance of the final order by the Code Enforcement Board. The Shorts argue that it was not until later, after this action was filed, that Madonna was given notices of the action and became an active participant. While conceding that Madonna signed an admission of receipt, the Shorts now allege that this was signed erroneously and note that they filed a September 4, 2008, motion for leave to amend admission with the circuit court to reflect that she did not actually receive such notification.

Secondly, they argue that the lien filed by Olive Hill against them in the amount of $5,250 was illegal. The Shorts assert that, pursuant to KRS 65.8828(5), Olive Hill was required to reduce the order in writing and send it with proper due process, which the Shorts claim it did not do. Additionally, the Shorts claim that Olive Hill had not obtained a final judgment of the court at the time that the lien was filed, which they assert was also a violation of due process. The Shorts assert that they called the office of the City Attorney on May 17, 2007, to request all information pertaining to the case. They alleged that on May 21, 2007, they received a letter from the City Attorney which also did not include a copy of the final order of the Code Enforcement Board.

The Shorts state that they went to the Carter County Clerk to obtain a copy of the final order and, after doing so, filed suit against Olive Hill on May 24, 2007. They argue that they appropriately filed the action in circuit court because as of May 24, 2007, the fines assessed against them were already above the $5,000 limit of district court. The Shorts argue that

when the code enforcement hearing was held, they intended to comply with any violation of the code enforcement laws and that Jim Short attended the meeting for the sole purpose of clarifying notice of the violation. However, Short argues that Olive Hill concedes that the Shorts were not served properly during or after the September 2006 hearing and only received a copy of the final order when the lien was filed on April 9, 2007. The Shorts assert that this automatically put them at a disadvantage and made it impossible to comply with any written order to avoid fines and penalties because compliance was required eight months earlier.[5]

As their third basis of appeal, the Shorts argue that the Olive Hill Board itself was improperly constituted because Board member Alberta McCoy was not properly appointed and was not sworn in for the new term of her reappointment. The Shorts asserts that a record of minutes from Board meetings indicates that Councilman Ed Cook made the motion to "appoint" McCoy to the Code Enforcement Board. However, they assert that several years after the reappointment of McCoy, Mayor Sparks provided an affidavit stating that he intended to appoint her. The Shorts argue that this was improper and that reappointments should occur with the full approval of the Board and not through affidavits.

As their fourth basis for appeal, the Shorts argue that the weed laws which Olive Hill attempted to enforce against them were arbitrary and unconstitutional. The Shorts argue that the definition of "weed" is vague and that the laws have the effect of suppressing free speech and levying excessive fines that undermine property value. In response to the arguments made by the Shorts, Olive Hill argues first that several issues raised by the Shorts—namely those concerning "abuse of process," the application of the doctrine of laches, whether the fines levied by Olive Hill were excessive, and whether the district court action was properly dismissed—are not appropriately before this Court on appeal. Olive Hill asserts that the Shorts either failed to raise these issues below, or failed to include them in their prehearing statement on appeal and, accordingly, we should decline to review them herein.

Concerning the Short's remaining arguments, Olive Hill argues first that the court below correctly found that the nuisance ordinance at issue was not void for vagueness nor unconstitutional. Olive Hill notes that similar ordinances addressing

---

5. As noted by the circuit court in its November 22, 2011, order granting defendant's motion to alter, amend, or vacate (in part), and order granting judgment in favor of the defendant:

While the Plaintiffs may have had a viable argument for the filing of an untimely appeal before the District Court, they did not file any appeal upon ultimately learning of the unfavorable order of the Code Enforcement Board. Instead, the Plaintiffs filed the present complaint. If an appeal had been filed and had been found by the District Court to be untimely and unacceptable, an appeal to this Court of any Order of Dismissal of the District Court could have been taken. By the same token, if the District Court had permitted the appeal under the circumstances but had ruled against the Plaintiffs on the merits, an appeal of the adverse ruling of the District Court could have once again been taken. Here, there is no order of the District Court from which an appeal has been or can be taken.

See November 22, 2011, order of the Carter Circuit Court. Upon review of the circuit court's order and the record, we are in agreement with its findings on this issue. In so finding, we note that the Shorts, upon receiving the court's November 22, 2011, order, did in fact file a claim in the Carter District Court. That claim was ultimately dismissed by the court following a January 30, 2012, hearing, finding that the matter was barred by res judicata.

"weeds" have been found to be constitutional and have not been found to be vague in courts from varying jurisdictions across the country. Olive Hill argues that the ordinance in the matter *sub judice* is sufficiently specific in its definition of what constitutes a "weed" and that it was, accordingly, constitutional as applied to the Shorts' property.

Concerning the due process arguments raised by the Shorts, Olive Hill argues that the court correctly found that it followed the necessary procedures for issuing the Enforcement Order against the Shorts and that it correctly complied with the rules by which it was governed. While Olive Hill takes issue with the court's finding that it failed to properly effect "enhanced service" upon the Shorts, it nevertheless contends that the court ultimately reached the right result in finding that the Shorts should be barred from arguing the merits of their claim in light of their failure to appeal the Enforcement Order to circuit court after they did in fact receive it.

Olive Hill further argues that the Shorts' argument concerning the Board's alleged failure to join Madonna Short as a party is without merit in light of the Shorts' explicit admissions that she did in fact receive appropriate notice at all times relevant herein. Finally, concerning the Board's failure to readminister the oath of office to McCoy, Olive Hill argues that this was not fatal to the Board's authority to act in issuing the Enforcement Order, despite assertions made by the Shorts to the contrary. We now address the arguments of the parties in turn.

Prior to reviewing the arguments of the parties, we note that our standard for reviewing a trial court's entry of summary judgment on appeal is well-established and was concisely summarized by this Court in *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky.App.2001):

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial."

*Id.* at 436 (internal footnotes omitted).

Because summary judgments involve no fact-finding, we review the trial court's decision *de novo*. *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky.2005); *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky.App.2000). We review the arguments of the parties with the foregoing in mind.

Before turning to the merits of the arguments before us, we note that there are several arguments raised by the Shorts which are not properly before us on appeal. Our law is clear that appellants may not normally raise new arguments for the first time on appeal. *See Commonwealth v. Jones*, 217 S.W.3d 190, 199 (Ky. 2006). Indeed, as set forth in Kentucky Rules of Civil Procedure (CR) 76.03(8): "A party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be

submitted upon timely motion." *See also Best v. West Am. Ins. Co.,* 270 S.W.3d 398, 405 (Ky.App.2008).

 *Sub judice,* our review of the record and the prehearing statement submitted by the Shorts indicates that the "abuse of process" argument made by the Shorts [6] (in which they assert that Code Enforcement Officer Duncan filed a false affidavit and did not appear by the court when summoned and that Olive Hill illegally filed its lien with the purpose of deliberately allowing fines to accumulate in order to force the Shorts to file in circuit court) was simply not raised in the prehearing statement filed by the Shorts. Accordingly, it is not properly before this Court, and we decline to review it further herein. Such is also the case with the arguments made by the Shorts concerning "excessive fines" and the argument made concerning the "doctrine of laches." [7]

Finally, we note that the Shorts' argument concerning the Carter District Court action is not appropriately before this Court. In their brief to this Court, the Shorts argue that their action, Case No. 11–C–00458, as filed in the Carter District Court, should be allowed to proceed, because it was filed within 90 days of the circuit court's judgment in favor of Olive Hill, which was entered on November 28, 2012. First, we note that this argument concerns a district court case, which is not properly before us. Moreover, the record reveals that on February 8, 2012, the Car-

ter District Court entered an order of dismissal in that matter which was never appealed as required by KRS 23A.010, 23A.080, and CR 72.02. Accordingly, the arguments concerning the district court action are not appropriately before our Court, and we decline to further address them herein.

Having so found, we now turn to the merits of the remaining arguments on appeal and address, first, the argument made by the Shorts that the nuisance ordinance at issue is arbitrary and unconstitutionally vague. Upon review of the ordinance itself, as well as the applicable law, we cannot agree with the Shorts' assertion that it is arbitrary or unconstitutionally vague. The Shorts were found to have violated Section 1.2(7)(a)-(c) of the Nuisance Ordinance, which reads as follows:

(7) Weeds and other rank growth of vegetation upon private property, including but not limited to poison ivy, poison oak, or poison sumac and all vegetation of any state of maturity, which:

a. Exceeds 12″ in height except healthy trees, shrubs, or plants grown in a tended and cultivated garden.

b. Regardless of height, harbors, conceals, or invites deposits or accumulation of refuse or trash.

c. Regardless of height, harbors rodents or vermin.

 The circuit court reviewed this ordinance and found that it was not unconsti-

---

**6.** See brief of Appellants/Cross–Appellees, p. 3.

**7.** Specifically, the Shorts argued that Olive Hill violated the doctrine of laches by allowing fines to accumulate beyond the jurisdictional limit of the district court before filing notice of the lien against the Shorts' property. While included in their prehearing statement to this Court, this issue was first raised to the court below by the Shorts in their "Motion to

Alter, Amend, or Vacate Judgment," which was filed on November 28, 2011. We are in agreement with the circuit court that this new claim was not the proper subject of a CR 59.05 motion, because that rule cannot be used to raise arguments and introduce evidence that should have been presented during the proceedings before entry of judgment. *Gullion v. Gullion,* 163 S.W.3d 888, 893 (Ky. 2005).

tutionally vague and we are compelled to agree. When a statute or ordinance is challenged on vagueness grounds, a court must determine whether it provides both fair notice to the public that certain conduct is prohibited and minimal guidelines to aid officials in the enforcement of that prohibition. *See Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Indeed, nuisance ordinances utilizing the term "weeds" have routinely been declared constitutional throughout the country, particularly when specific restrictions such as height are indicated. *See, e.g., Rose v. Bd. of Zoning Adjustment Platte County,* 68 S.W.3d 507, 512 (Mo.App.2001)(definition of "weeds" not unconstitutionally vague); *Howard v. City of Lincoln,* 243 Neb. 5, 497 N.W.2d 53, 56 (1993)(phrase "weeds or worthless vegetation" carried common meaning and was not unconstitutionally vague); and *City of Montgomery v. Norman,* 816 So.2d 72 (Ala.Crim.App.1999), *McDonald v. Texas,* 693 S.W.2d 660 (Tex.App.1985), and *Sobocinski v. City of Williamsport,* 13 Pa. Cmwlth. 425, 319 A.2d 697 (1974)(each holding that nuisance ordinances contain-ing a height restriction for "weeds" were not unconstitutionally vague).

■ The ordinance at issue *sub judice* identifies several specific weeds (poison ivy, oak, and sumac) and also provides several specific factors to be considered in what constitutes "weed"-like vegetation. Accordingly, we are in agreement with the circuit court, whose holding we believe to be in line with those of other jurisdictions which have addressed this issue, in finding that the ordinance is not void-for-vagueness and, thus, not unconstitutional as applied to the Shorts' property.

Having so found, we now turn to the due process arguments raised by the Shorts. During the course of the summary judgment proceedings below, the Shorts argued that their due process rights were violated because: (1) Olive Hill did not adhere to certain rules of procedure which the Shorts asserted should have governed its conduct; (2) Olive Hill failed to comply with statutory procedures for serving a copy of the Enforcement Order; and (3) That an indispensable party, Madonna Short, was not expressly named as a party to the code enforcement proceedings.[8]

---

8. While the Shorts raise numerous other due process violations in their brief to this Court-namely, that Olive Hill has violated the due process rights of the Shorts by asserting the defense that the Shorts' claims are barred for their failure to file an appeal with the district court; that Olive Hill violated their due process rights by asserting defenses to the post-summary judgment action that the Shorts filed in district court; that Olive Hill violated their due process rights by submitting affidavits from Mayor Sparks and Officer Duncan; and that Officer Duncan was not required to testify concerning his affidavit—we address only the enumerated alleged violations. In making this determination, we note again that these issues are not appropriately before us for several reasons. Concerning the arguments regarding the action in district court, we note that as previously stated herein this was a separate lawsuit in a separate court, the dismissal of which was not appealed to the circuit court. Accordingly, these issues are not properly before us on appeal.

Concerning the remaining arguments regarding the submittal of affidavits from Mayor Sparks and Officer Duncan, as well as the argument that Officer Duncan was not required to testify concerning his affidavit (at a post-judgment hearing on June 1, 2012, for which Olive Hill asserts that Duncan was improperly subpoenaed to testify), we note that these issues occurred after the code enforcement proceeding and, thus, could not have had any effect upon the proceeding itself or the due process or lack thereof that was afforded to the Shorts in the course thereof, even had they been raised to the court below. Accordingly, we address only the three due process violations enumerated in the text of this opinion.

■ First, we turn to the Shorts' argument that the Board was required to operate under certain "rules of procedure." Below, the Shorts cited certain rules of procedure in their Complaint which Olive Hill asserts were never actually adopted by the Board. Thus, Olive Hill has argued, and we believe correctly, that the Code Enforcement Officer was never required to issue any affidavit of compliance or noncompliance with same. Indeed, the Board operates pursuant to the procedures set forth in Code Enforcement Board Ordinance No. 2003–05A, which mirrors those procedures set forth in KRS 65.8801 to 65.8839.

■ The law is clear that the fundamental requirements of due process are notice and an opportunity to be heard. *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 88 L.Ed. 692 (1944). A review of the record below indicates that in accordance with KRS 65.8825(2) and the Code Enforcement Board Ordinance, Section 9(b), a Notice of Violation was issued to the Shorts. Subsequently, after the violation was not corrected, a citation was issued to the Shorts in accordance with KRS 65.8825(1)-(2) and Section 9(a)-(b) of the Code Enforcement Board Ordinance. The Board then scheduled a hearing in accordance with KRS 65.8828 and Section 10 of the Code Enforcement Board Ordinance, which was conducted on September 5, 2006, and in which Jim Short participated and in which the Board determined that the nuisance ordinance had been violated.[9]

Further, in accordance with KRS 65.8828 and Section 10(e) of the Code Enforcement Board Ordinance, the Board's decision was announced at the hearing and the Shorts were ordered to remove the debris within one week prior to the beginning of the imposition of fines. Further, though it is disputed as to the manner in which notice of the Enforcement Order was provided,[10] the order was reduced to writing and furnished to the Shorts. Based upon these facts in the record, it is clear that Olive Hill complied with applicable procedures and that the Shorts were given proper due process. Accordingly, we affirm.

■ Having so found, we turn to the argument made by the Shorts that Olive Hill failed to comply with statutory procedures by not serving a copy of the Enforcement Order by enhanced service, thereby violating their due process rights. In so doing, we also address the cross-appeal filed by Olive Hill in which it argues that the court below erred in finding that the Board was required to provide "enhanced delivery" of the Enforcement Order. Olive Hill asserts that the Board's service of the order was proper, such that the Shorts' failure to file an appeal of that order within thirty days bars any and all claims in this matter pursuant to KRS 65.8831.

As noted herein, the Board asserts that it mailed a copy of the Enforcement Order to the Shorts via standard U.S. Mail, postage prepaid, on September 6, 2006. The Shorts contended that this was insufficient service of process under the applicable statute and ordinance. The court below

---

9. In so finding, we note that Short disputes this fact, and others, as previously noted herein. To that end, we note that the court below was in the best position to review the evidence and make factual findings as to what did and did not occur insofar as factually disputed matters between the parties are concerned. Pursuant to CR 52.01, we shall not disturb the factual findings of the court below unless they are clearly erroneous. Finding no evidence that this was the case, we rely upon the factual findings of the trial court in rendering our opinion herein.

10. See discussion herein, *infra*.

agreed, finding that Olive Hill was required to provide "enhanced service" of the Enforcement Order, either by certified mail, personal delivery, or delivery to the Shorts' home in the custody of an adult residing therein. The court disagreed with Olive Hill's claim that it was not required to provide enhanced service to Short because he was present at the meeting itself, noting that it was unclear whether or not Short was still present at the meeting when the written order was prepared and entered, nor any proof that he was provided with a copy of the written order on the night of the meeting. Accordingly, the court found because KRS 65.8828(5) clearly required the person named in the citation to be furnished with a copy of the final order via certified mail, personal delivery, or delivery to the individual's home in the custody of an adult who lives there, that Olive Hill was in violation of the statute and did not properly effect service on the Shorts.

In addressing this issue, we note that KRS 65.8828(5) [11] provides as follows:

> Every final order of a code enforcement board shall be reduced to writing, which shall include the date the order was issued, and a copy of the order shall be furnished to the person named in the citation. If the person named in the citation is not present at the time a final order of the board is issued, the order shall be delivered to that person by certified mail, return receipt requested; by personal delivery; or by leaving a copy of the order at that person's usual place of residence with any individual residing therein who is eighteen (18) years of age

or older and who is informed of the contents of the order.

Olive Hill argues that the statute simply does not state that enhanced service, such as hand delivery, must be made to an individual who is actually present at the meeting where the order is issued and that, accordingly, the court interpreted the statute in a manner that conflicts with its stated language. We disagree.

Upon review of the statute, it is clear that the determination of the Board must be reduced to a written order, from which any appeal must be taken. KRS 65.8828(5). Thus, we are in agreement with the circuit court that for purposes of appeal, it is notice of entry of the written order, rather than notice of the oral pronouncement, which is determinative. There is no question, or any real dispute between the parties, that Short was not provided with the written order at the time it was entered, whether or not he was present when the "oral order" was made. Accordingly, we find nothing in the statute to indicate that the Board was not required to comport with its procedures for delivery of the order to Short, and that it failed to do so, since there is no dispute that the order was not sent via certified mail as required by the statute. Therefore, we affirm.

In affirming, however, we note our agreement with the circuit court that summary judgment against the Shorts was nevertheless warranted because they failed to file a timely appeal with the district court, even after they did receive the written order. *See, e.g., Taylor v. Duke*, 896 S.W.2d 618 (Ky.App.1995).[12] While the

---

11. We note that KRS 65.8828 was amended effective June 8, 2011. It is the prior version of this statute which is applicable to the Board's actions in this matter and upon which we rely in making our findings herein.

12. Wherein this Court held that although landowners had no prior notice that the planning and zoning commission was to consider approving the subdivision of the adjoining property, and no concurrent knowledge that it had done so (so that they could not have

Shorts claim that they did not receive the order purportedly mailed on September 6, 2006, and that, accordingly, any failure to timely file an appeal should have been excused, we disagree. While the exact date upon which the Shorts received notice of the final Enforcement Order is disputed, there is no question that the Shorts eventually did receive a copy of same.

Further, there is no question that upon receipt, the Shorts filed a complaint in circuit court, which led to the instant action, rather than filing an appeal in the district court. Certainly, KRS 65.8831(1) clearly provides that, "An appeal from any final order issued by a code enforcement board may be made to the District Court of the county in which the local government is located...." and that thereafter, "A judgment of the District Court may be appealed to the Circuit Court in accordance with the Rules of Civil Procedure." KRS 65.8831(2).

Because our law is clear on this issue, we are in agreement with the court below that it was without jurisdiction to review the merits of the decision of the Code Enforcement Board, and that summary judgment was properly granted to Olive Hill. Accordingly, while we deny Olive Hill's request on cross-appeal for a finding that it was not required to use "enhanced delivery" to serve the order on the Shorts, we ultimately agree with the court below that summary judgment was proper, and we affirm.

Having so found, we briefly turn to the argument made by the Shorts that their due process rights were violated because Madonna Short was not expressly named as a party to the code enforcement proceedings. As noted by Olive Hill, this

argument was not contained in the initial complaint filed by the Shorts, and was instead first presented in the Shorts' "Memorandum in Support of Plaintiff's Motion for Summary Judgment," filed on January 14, 2009, and in their contemporaneous "Motion for Leave to Amend Admissions and Correct Clerical Error on Original Complaint," filed that same day.

■■■ Therein, the Shorts argued that the code enforcement proceedings had been directed in Jim Short's name only, without inclusion of Madonna Short's name, and that they should be allowed to again amend their CR 36 admissions to reflect same. Olive Hill opposed allowing the Shorts to amend their admissions since they had already been granted leave to do so once previously. As the circuit court noted, while Jim may have drafted the response to the Request for Admissions in which he conceded that both he and Madonna had notice, "Madonna Short, signed the response, and either knew or should have known the contents of such document." Accordingly, the circuit court ultimately denied the Shorts leave to again amend their admissions and the Shorts did not appeal the circuit court's ruling on this issue. As the circuit court correctly noted, the Shorts did not raise this issue as a defense before the Enforcement Board. Accordingly, we are in agreement with the argument made by Olive Hill that the Shorts are bound by their prior amended admissions, in which they admitted receiving the Notice of Violation, the citation, and the hearing notices.

Moreover, and as correctly noted by the circuit court, while it is true that Madonna Short has an interest in the Property,

appealed within 30 days following grant of subdivision approval or grant of building permit) they could have appealed after they learned of the commission's action and of the

grant of the permit, and their failure to do so within 30 days precluded them from later challenging the action in court.

Jim's interest in the Property is also capable of being both voluntarily and involuntarily encumbered. Ultimately, there is no dispute that Jim received notice and an opportunity to be heard in the code enforcement proceeding, such that the lien would apply to his interest in the Property in any case. Accordingly, we do not find the argument that Donna is an indispensable party to be determinative of this appeal.

Finally, in so finding, we note our agreement with the circuit court's finding that the Board had the authority to issue the Enforcement Order despite the fact that Alberta McCoy was not readministered the oath of office upon her reappointment to the Board. Ultimately, we find most persuasive the argument made by Olive Hill that this is essentially a moot issue as it pertains to the matter *sub judice* in light of the fact that the Board voted unanimously to issue the Enforcement Order, even though it could have taken action upon the affirmative vote of the majority.

KRS 65.8815(3). Thus, even if McCoy's vote were to be disregarded entirely, the votes of the other four members of the Board would have constituted a majority of the quorum. Accordingly, we are in agreement with the court below that the issue pertaining to the Board's failure to readminister the oath of office to McCoy was not fatal to its authority to issue the Enforcement Order, and we affirm.

Wherefore, for the foregoing reasons, we hereby affirm the November 22, 2011, order of the Carter Circuit Court, granting summary judgment in favor of Olive Hill, the Honorable Rebecca K. Phillips, presiding.

ALL CONCUR.