Laura POPE and Kevin
Bailey, Appellants

v.

Sherle R. THOMPSON, D.V.M., and
Shari Steven, d/b/a Sequoyah Ger-
man Shepherds, Appellees

NO. 2015–CA–000031–MR

Court of Appeals of Kentucky.

APRIL 28, 2017; 10:00 A.M.

BRIEF FOR APPELLANTS: Robert Frederick Smith, LaGrange, Kentucky

BRIEF FOR APPELLEES: Lisa Koch Bryant, Louisville, Kentucky

BEFORE: J. LAMBERT, TAYLOR, AND THOMPSON, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Laura Pope and Kevin Bailey appeal from the Spencer Circuit Court's order denying their motion to quash a writ of possession to Sherle R. Thompson, D.V.M., and Shari Steven, doing business as Sequoyah German Shepherds (Sequoyah). Pope and Bailey also appeal from the Spencer Circuit Court's order denying their motion to alter, amend or vacate. We affirm.

On May 31, 2012, Pope entered into a contract with Sequoyah for the purchase of one of its male puppies, a pure bred German Shepherd named Vengeance Vom Spartanville ("Vinnie"). Pope, who had represented herself as Laura Smith, promised that Vinnie would be treated as a family pet and would not be used as a breeding dog. Pope further agreed to give the dog proper veterinary care, to maintain contact with Sequoyah, to exercise Vinnie regularly, and to give Sequoyah the right of first refusal should Pope ever decide to sell Vinnie. The purchase price was $2,065.00. The contract, which was four pages in length, was signed by Pope (as Laura Smith) and Sequoyah. Pope did not pick up the dog herself. The address she had listed on the contract was a fictitious one.

Over the course of the next year and a half, Sequoyah learned that as many as ten litters sired by Vinnie were offered for sale by Pope. Sequoyah also learned that ownership of Vinnie had been transferred to Bailey. Sequoyah received numerous reports of the dog's unhealthy living arrangements. There were several unsuccessful attempts by Sequoyah to reach Pope in spite of her contractual promise to remain in contact with Sequoyah.

On March 12, 2014, Sequoyah filed a breach of contract claim and a petition for writ of possession in Spencer Circuit Court. The circuit court held an ex parte hearing on the petition two days later. Four witnesses testified to the following salient facts: When Pope responded to Sequoyah's internet advertisement for Vinnie, she stated that she had two female Shepherds at home with which she planned to have the "occasional litter" sired by Vinnie every year or so; Pope stated during conversations prior to the contract that Vinnie would be a household pet, "intimately involved with family"; Pope gave two references, insisted that she was "not a breeder," yet was later discovered to have given a false name and address; that there were over one hundred dogs chained on Pope's property at any given time, and that Vinnie was among those chained on a continual basis; that 60—80 puppies (approximately ten litters) sired by Vinnie had appeared on pedigreed databases within the last year; that Vinnie's puppies generally sold for about $1,000.00 apiece; that Vinnie's registration had been placed in Kevin Bailey's name; that there were no veterinarian records to support that Vinnie had been properly vaccinated since he had been sold to Pope; that Vinnie would likely be killed by Pope if she knew he was to be reclaimed; that several other reputable breeders were also attempting to reclaim dogs sold to Pope and Bailey.

At the hearing's conclusion, the Spencer Circuit Court granted the petition for writ of possession and set the surety bond at $5,000.00. Sequoyah posted the bond on

that date, and the Spencer County Sheriff was ordered to get the dog for Sequoyah.

On March 17, 2014, Pope and Bailey moved to quash the writ of possession. The Spencer Circuit Court granted their request that Sequoyah be stayed from neutering the dog and scheduled the hearing on the motion to quash on April 24, 2014. At the April hearing, witnesses for Pope and Bailey testified that Vinnie was taken care of and not in any danger. Pope denied that she was acting in a deceptive manner when she signed the contract under an assumed name and with a fictitious address. She claimed that she was not the owner of all the dogs on her property but rather acted as a kennel for other owners and as a rescue site for strays. She insisted that she did not breed dogs for profit.

The following contrary testimony was heard concerning Vinnie's condition after he was reclaimed by Sequoyah: The dog was underweight; he had "blow out, profuse, watery diarrhea" (which even one month later continued to plague him); Vinnie's coat was dense and coarse, and was caked in feces and urine; he tested positive for two gastro-intestinal parasites (namely, giardia and whipworms), as well as fleas and external parasites; he had ear margin dermatitis; and it was discovered that while in Pope's care Vinnie had received multiple injections of Ivamectin, an anti-parasitic medication suitable for cattle and swine, but potentially fatal to dogs. Before and after photos of Vinnie demonstrated the condition of his coat and general appearance.

Law enforcement officials that had reclaimed Vinnie testified that Pope initially told them that Vinnie was not there, when in fact the dog was within twenty to thirty feet of where they stood. The officers described the deplorable conditions of the kennels operated by Pope and Bailey. Sheriff Stump testified that he had rescued other dogs from that property on previous occasions.

On July 30, 2014, the Spencer Circuit Court entered an opinion and order denying the motion to quash as well as Sequoyah's motion to strike the health record attached to Pope and Bailey's post-hearing submitted Findings of Fact and Conclusions of Law. The motion of Pope and Bailey to alter, amend, or vacate the order was denied on December 9, 2014. Pope and Bailey filed their notice of appeal on January 7, 2015.

■ Pope and Bailey raise two arguments before this Court, the first of which is their contention that the circuit court lacked jurisdiction to enter its ruling. Pope and Bailey specifically contend that there was a failure to comply with Kentucky Revised Statute (KRS) 425.012's requirement of a written demand for relief at or after litigation was filed; Pope and Bailey additionally insist that they did not receive the minimum seven-days' notice as well as seven-days' leave to respond. KRS 425.012(1).

We disagree. The petition for writ of possession filed by Sequoyah was pursuant to KRS 425.051 ("Ex parte motion—Endorsement"), which reads as follows:

(1) The plaintiff may apply ex parte in writing to the court in which the action was brought for an endorsement on the writ directing the sheriff to seize the property at a private place not specified in the writ.

(2) The judicial officer shall make the endorsement if the plaintiff establishes by affidavit that there is probable cause to believe that the property or some part of it may be found at that place.

As such, the notice and time requirements of KRS 425.012(1) need not be met. Sequoyah's petition was supported by witness testimony and affidavits, and the circuit

court's reliance upon same was not improper.

■ Furthermore, we are in agreement with Sequoyah that this issue is not properly before this Court. We find the issue lacking in the prehearing statement or by timely motion submitted to this Court. CR 76.03(8).

[S]everal arguments raised by the [appellants] ... are not properly before us on appeal. Our law is clear that appellants may not normally raise new arguments for the first time on appeal. *See Commonwealth v. Jones*, 217 S.W.3d 190, 199 (Ky. 2006). Indeed, as set forth in Kentucky Rules of Civil Procedure (CR) 76.03(8): "A party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion." *See also Best v. West Am. Ins. Co.*, 270 S.W.3d 398, 405 (Ky. App. 2008).

*Short v. City of Olive Hill*, 414 S.W.3d 433, 440–41 (Ky. App. 2013). Pope and Bailey have neither raised the issue in the circuit court or in the issues listed in their prehearing statement, nor have they moved this Court and demonstrated good cause as to why they should be permitted now to argue this issue. We thus decline to address it further.

■ Pope and Bailey secondly argue that the contract provisions upon which Sequoyah bases its claim were unconscionable. Citing *Ammon v. Welty*, 113 S.W.3d 185 (Ky. App. 2002), Pope and Bailey assert that, since the law of Kentucky treats dogs as property, the circuit court was constrained to construe the contract under the Kentucky Uniform Commercial Code, KRS Chapter 355. However, the record indicates that, with the exception of Pope and Bailey's proposed findings of fact, the issue of unconscionability was never raised before the Spencer Circuit Court, nor was it listed as an issue in the prehearing statement. CR 76.03(8); *Short, supra.* We quote verbatim from the prehearing statement filed by Pope and Bailey:

Regarding issues, it is the Appellants['] contention that the Court abused its discretion in issuing the Writ of Possession. The Appellants will contend that the vast majority of the unbiased credible testimony was that the contract had not been breached and that the dog in question has been kept in a manner consistent with the contract entered into by the parties.

In other words, Pope and Bailey wished to rely on the contract's validity but argued that they had complied with its terms. That was the same argument they offered when they moved to quash the writ of possession and sought return of Vinnie.

We have examined the record in its entirety (including the testimonial and documentary evidence at the hearings) and can find no abuse of discretion in the Spencer Circuit Court's determinations that Pope and Bailey were in breach of the contract's terms and that Sequoyah was entitled to the return of Vinnie. CR 52.01. *Barber v. Bradley*, 505 S.W.3d 749, 754 (Ky. 2016).

The orders of the Spencer Circuit Court are affirmed.

ALL CONCUR.