RENDERED:  SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1469-MR

ESTATE OF EVELYN SUE TATE,
DECEASED; E'LISA ADAMS,
PERSONALLY AND IN HER
CAPACITY AS EXECUTRIX FOR
THE ESTATE OF EVELYN SUE
TATE; AND PAUL ADAMS, IN HIS
PERSONAL CAPACITY                                          APPELLANTS


                    APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE
                         ACTION NO. 19-CI-00971


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES, DEPARTMENT
FOR MEDICAID SERVICES                                       APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  The Estate of Evelyn Sue Tate, deceased; E'lisa

Adams, personally and in her capacity as Executrix for the Estate of Evelyn Sue

Tate; and Paul Adams, in his personal capacity ("Appellants"), appeal from an order of the McCracken Circuit Court denying their Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate an order granting summary judgment in favor of Commonwealth of Kentucky, Cabinet for Health and Family Services, Department for Medicaid Services ("Appellee"). Appellants argue that the circuit court improperly concluded that they engaged in fraudulent conduct designed to prevent Appellee from recovering $105,700.17 from the estate representing Medicaid payments made on Ms. Tate's behalf during her lifetime. After careful review, we find no error and affirm the summary judgment.[1]

## FACTS AND PROCEDURAL HISTORY

From 2016 to 2018, Evelyn Sue Tate received Medicaid benefits to pay for community-based services and nursing home care. As a condition of receiving these benefits, Ms. Tate's estate would be subject to Appellee's Medicaid estate recovery rights upon her death.

Ms. Tate died on March 10, 2018. Her will appointed her daughter, Appellant E'Lisa Adams ("Mrs. Adams"), as Executrix and conveyed all of her

---

[1] In their Notice of Appeal, Appellants attempt to appeal from the order denying their CR 59.05 motion to alter, amend, or vacate the order of summary judgment. Orders denying CR 59.05 motions "are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011) (footnote and citations omitted). Under circumstances void of prejudice, we may consider such an appeal as "properly taken from the final judgment that was the subject of the CR 59.05 motion." *Id.* at n.5 (citation omitted). As such, we will consider Appellants' appeal as if taken from the order of summary judgment.

estate to Mrs. Adams. The estate included a parcel of residential real property situated in McCracken County, Kentucky.

In October 2018, and prior to the estate being settled, Appellant Paul Adams, who is married to Mrs. Adams, filed an action in Livingston Circuit Court seeking a declaratory judgment awarding him title to the parcel situated in McCracken County. In support of the action, Mr. Adams claimed that he had an oral agreement with Ms. Tate to recover from the estate the expenditures he made to upkeep her home while she was in the nursing home. According to Mr. Adams, these expenses included the payment of utility bills, property taxes, maintenance costs, and home insurance totaling $112,870.00.

Attorney Joe Kimmel represented Ms. Tate during her lifetime, the estate in the probate proceeding, and Mr. Adams in the declaratory action. Mrs. Adams, as Executrix, executed an agreed order in the action for the declaratory judgment, resulting in the Livingston Circuit Court entering an order transferring title of the parcel to Mr. Adams. At the same time, the probate action was proceeding in McCracken Circuit Court, where Mr. Kimmel filed a Final Settlement stating that all lawful claims against the estate had been paid. On January 22, 2019, Mr. Kimmel informed Appellee that the estate had about $3,000 in assets, and was therefore exempt from Medicaid estate recovery.

-3-

In May 2019, Appellee informed Mrs. Adams and her counsel of its intent to recover funds from the estate in the amount of $105,700.17, representing the benefits Ms. Tate received during her lifetime. Appellee filed a claim against the estate in McCracken District Court on August 9, 2019, which was denied. Appellee then brought the instant action against the estate and the Adamses to recover the McCracken County property, which it claimed was fraudulently removed from the estate to avoid Appellee's Medicaid estate recovery.

On January 28, 2022, Appellee filed a motion for summary judgment in which it sought a finding that the transfer of the property from the estate to Mr. Adams was fraudulent. It also sought a judgment against the defendants in the amount of $105,700.17. After oral arguments were heard on the motion, the McCracken Circuit Court entered an order granting summary judgment in favor of Appellee. In support of the order, the court determined that the transfer of the parcel from the estate to Mr. Adams was designed to defraud Appellee of its lawful right of recovery of estate assets, and that Mrs. Adams engaged in an unconscionable violation her fiduciary duty as Executrix to properly dispose of estate assets. The court also noted that Mr. Adams's action to gain title to the parcel was filed in a county where no parties resided and the parcel was not located. The court determined that under these facts, the law imposed a constructive trust on the parcel with Mr. Adams as Trustee. It then entered a

-4-

judgment *in rem* against the parcel in the amount of $105,700.17, and ordered the Master Commissioner to sell the parcel and distribute the proceeds. This appeal followed.

**STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants argue that the circuit court improperly granted Appellee's motion for summary judgment because Appellee failed to meet the statutory burden of proving intentional, knowing, or wanton conduct by Appellants. They direct our attention to Kentucky Revised Statutes ("KRS") 205.8463 for the proposition that they did not have the requisite intent to commit fraud, as they were unaware of Appellee's right to recover estate assets until after Mr. Adams took title to the parcel. They assert that while Ms. Tate and Mr. Kimmel may have been informed of Appellee's right of recovery, no evidence was adduced that Appellee informed the Adamses of such a right until after the property had been conveyed to Mr. Adams. They argue that summary judgment was improper because they presented evidence upon which a jury could reasonably conclude that Appellants had no intent to commit fraud. Lastly, Appellants contend that Appellee's motion for summary judgment ran afoul of state and federal law, as well as Appellee's own guidelines. They seek an opinion reversing the order on appeal, and remanding the matter for further proceedings in McCracken Circuit Court.

KRS 205.8463 states,

> (1) No person shall knowingly or wantonly devise a scheme or plan a scheme or artifice, or enter into an agreement, combination, or conspiracy to obtain or aid another in obtaining payments from any medical assistance program under this chapter by means of any fictitious, false, or fraudulent application, claim, report,

or document submitted to the Cabinet for Health and Family Services, or intentionally engage in conduct which advances the scheme or artifice.

(2) No person shall intentionally, knowingly, or wantonly make, present, or cause to be made or presented to an employee or officer of the Cabinet for Health and Family Services any false, fictitious, or fraudulent statement, representation, or entry in any application, claim, report, or document used in determining rights to any benefit or payment.

(3) No person shall, with intent to defraud, knowingly make, or induce, or seek to induce the making of a false statement or false representation of a material fact with respect to the conditions or operations of an institution or facility in order that the institution or facility may qualify, upon initial certification or upon recertification, as a hospital, skilled-nursing facility, intermediate-care facility, home-health agency, or other provider of services to the Medical Assistance Program.

(4) No person shall, in any matter within the jurisdiction of the Cabinet for Health and Family Services under this chapter, knowingly falsify, conceal, or cover up by any trick, scheme, or device a material fact, or make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry.

We must first note that Appellants presented no evidence in response to Appellee's motion for summary judgment, which was supported by multiple exhibits. The only evidence presented to the circuit court to make its ruling on Appellee's motion was submitted by Appellee. Appellants tendered supportive affidavits only as attachments to their subsequent CR 59.05 motion to alter, amend,

or vacate the order of summary judgment. A CR 59.05 motion to alter, amend, or vacate a judgment, however, cannot be used to raise arguments and introduce evidence that should have been presented during the proceedings before entry of judgment. *Short v. City of Olive Hill*, 414 S.W.3d 433 (Ky. App. 2013) (rehearing denied).

Appellants acknowledge that Appellee has a general right to estate asset recovery, but they assert that it is not applicable here because the assets in Ms. Tate's estate are below the minimum threshold for recovery. The focus of Appellants' argument is their contention that Appellee's motion for summary judgment should not have been granted because Appellee did not offer any evidence that Appellants fraudulently transferred the McCracken County property to Mr. Adams, nor otherwise improperly concealed or removed estate assets.

After careful consideration of the record and the law, we find persuasive Appellee's contention that the Adamses engaged in a concerted effort to remove the real property from the estate as quickly as possible and conceal it from Appellee. Evidence was adduced that Ms. Tate, her family, and Mr. Kimmel acknowledged Appellee's right to recover estate assets when they assisted her in enrolling for Medicaid benefits in 2016. Appellee stated that Ms. Tate and Mr. Kimmel were sent an Estate Recovery Fact Sheet annually, which reminded them of Appellee's right of recovery.

In addition, Mr. Adams' action to acquire title to the property was filed in a different county – one in which no parties resided and the parcel was not located – and within 2 days Mrs. Adams waived service and tendered an agreed order in favor of Mr. Adams. Mr. Adams could have filed a claim as a creditor in the probate proceeding but, inexplicably, he did not. As noted by the circuit court, there appears to be no legitimate purpose in filing the action in Livingston County rather than McCracken County where the property was located, the parties resided, and the probate action was filed. Further, Mr. Kimmel represented Ms. Tate during her lifetime, the estate after her death, and Mr. Adams in his Livingston Country action to gain title to the parcel. We may reasonably conclude that he was aware of Appellee's Medicaid estate recovery rights. Further, the record is void of any documentation that Ms. Tate intended for Mr. Adams to receive the parcel as compensation for his upkeep of it. Rather, Ms. Tate's will expressly characterized the parcel as an estate asset. And finally, there is no record of Mr. Adams' actual expenses related to his alleged labor, costs, and maintenance on the parcel.

## CONCLUSION

When these facts are considered in concert, we find no error in the McCracken Circuit Court's conclusion that Appellants were aware of Appellee's right to recover from the McCracken County property the Medicaid benefits provided to Ms. Tate during her lifetime. The circuit court properly determined

-9-

that despite this knowledge, Mrs. Adams, as Executrix, agreed through litigation initiated by her husband in a different county to transfer title of the real estate in direct contravention of KRS 395.195 ("Transactions authorized for personal representative") requiring her to defend claims for the protection of the estate. The McCracken Circuit Court's conclusion bears repeating:

> DMS is entitled to judgment as a matter of law because the evidence of fraud is so overwhelming. Based on the facts of this case, the Court can conceive of no other reason for the Defendants' action in the Livingston County case than to knowingly and intentionally transfer the property in order to avoid the Medicaid estate recovery claim.

We agree with the circuit court, and are not persuaded by Appellants' third argument that the summary judgment ran afoul of state law, federal law, or Appellee's own guidelines. Based on the foregoing, the McCracken Circuit Court "correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres*, 916 S.W.2d at 781. We find no error, and affirm the order of the McCracken Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Joe Harvey Kimmel, III
Paducah, Kentucky

BRIEF FOR APPELLEE:

Olivia M. Peterson
Ashley G. Kennedy
Frankfort, Kentucky